UNITED STATES of America, Plaintiff-Appellee,

v.

James Vincent ALBERTINI, Defendant-Appellant.

No. 82–1090.

United States Court of Appeals, Ninth Circuit.

March 6, 1986.

Ray Starling, U.S. Atty., Hickman AFB, Hawaii, for plaintiff-appellee.

William A. Harrison, Yvonne E. Chotzen, American Civil Liberties Union of Hawaii, Honolulu, Hawaii, for defendant-appellant.

Before CANBY, NORRIS and REINHARDT, Circuit Judges.

CANBY, Circuit Judge:

This case is before us on remand from the United States Supreme Court. James Albertini was convicted for violating 18 U.S.C. § 1382, which makes it unlawful to reenter a military base after having been "ordered not to reenter by any officer in command or charge thereof."

## I. BACKGROUND

After a March 1972 protest at Hickam Air Force Base, Hawaii, Albertini received a "bar letter" from the commanding officer forbidding his reentry to the base without written permission from the commander or his designate.

On May 16, 1981, Hickam hosted an open house as part of the Base's annual Armed Forces Day celebration. Albertini reentered the Base without written permission in order to attend the open house. While there, he engaged in a peaceful demonstration against nuclear arms. An information, filed July 1, 1981, charged Albertini with violating Section 1382 for his May 16 activities. He was convicted after a bench trial and sentenced to three months' imprisonment.

We reversed Albertini's conviction, holding that he had a first amendment right to enter the military base during the open house. *United States v. Albertini,* 710 F.2d 1410 (9th Cir.1983). The Supreme Court then reversed our decision. *United States v. Albertini,* —— U.S. ——, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985).

The Supreme Court not only addressed and rejected Albertini's first amendment defense, but it also considered the question whether Albertini's attendance at the open house was the kind of reentry that Congress intended to prohibit in 18 U.S.C. § 1382. The Court concluded that the reentry was within the intended prohibition of section 1382. In so holding, the Court rejected Albertini's contentions that: (1) section 1382 did not authorize bar letters of indefinite duration and applied only when reentry was attempted within a "reason-

able" time after issuance of the letter, *id.* 105 S.Ct. at 2903; (2) that section 1382 does not apply during an open house, *id.;* and (3) that section 1382 does not apply to him because he believed that the bar letter was no longer effective, *id.* at 2904. With respect to the last point, the Court held that specific intent was not a requirement for conviction under section 1382. The Supreme Court also rejected a fourth contention, raised by the dissent, that the circumstances did not reasonably indicate to Albertini that his reentry during the open house was prohibited. The Court said that, for several reasons it set forth, "[t]he assertion that respondent lacked notice that his entry was prohibited is implausible." *Id.*

Finally, the Supreme Court noted that Albertini had made arguments based on the due process clause. The Court observed that "[a]lthough a commanding officer has broad discretion to exclude civilians from a military base, this power cannot be exercised in a manner that is patently arbitrary or discriminatory." *Id.* at 2907–08 (citing *Cafeteria Workers v. McElroy,* 367 U.S. 886, 898, 81 S.Ct. 1743, 1750, 6 L.Ed.2d 1230 (1961) ). The Court further noted that Albertini had not shown that the issuance of his bar letter violated any statutory or regulatory limits upon the commander's power to exclude. Then the Court added, in what must be a reference to due process: "Nor do we think that it is inherently unreasonable for a commanding officer to issue a bar order of indefinite duration requiring a civilian to obtain written permission before reentering a military base." *Id.* 105 S.Ct. at 2908. The Court concluded by leaving open the issue that we are to address here:

> The Court of Appeals did not address whether, on the facts of this case, application of the 1972 bar letter was so patently arbitrary as to violate due process, and we therefore do not decide that issue.

*Id.*

## II.  ISSUES ON REMAND

As we understand the Supreme Court's mandate, the issues remaining open on re-

mand are narrow. Not every due process argument originally raised by Albertini survived the Supreme Court's decision. His contention that due process is violated by a bar letter of indefinite duration, or by enforcement years after issuance, is foreclosed, we think, by the Supreme Court's discussion referred to above.

It appears to us that, of Albertini's due process arguments, only two remain open for decision, and even there the scope of the issues is somewhat narrowed by the Supreme Court's opinion in this case. The issues remaining for decision are: (1) whether it violated due process for the commander to issue the letter excluding Albertini without holding a hearing; and (2) whether it violated due process to enforce the bar letter when, during the period after its issuance, Albertini had appeared on the base at various times, in some cases by invitation of persons or groups connected with the base. We conclude that the answer to both questions is no.

## III.  HEARING

■ Albertini contends that due process requires the commander to afford him a hearing at or before the time the bar letter is issued. Albertini's argument is effectively foreclosed by *Cafeteria and Restaurant Workers Union v. McElroy,* 367 U.S. 886, 81 S.Ct. 1734, 6 L.Ed.2d 1230 (1961). There, the Supreme Court held that a restaurant worker at a restricted-access military facility could be excluded from the site without a hearing. The Court held that whether due process requires a hearing is to be determined flexibly in light of the nature of the government function involved and of the private interest affected. *Id.* at 895, 81 S.Ct. at 1748.

■ We may assume for purposes of decision that Albertini had some form of liberty interest in access to Hickam Air Force Base, at least on some occasions. That interest, however, is certainly no greater than a restaurant worker's interest

in access to her place of employment. On the other hand, the interest of the base commander in maintaining control over the entry of persons to Hickam Air Force Base is substantial; indeed, there is a strong tradition of treating that interest as being in a specially protectible class by itself. *See Cafeteria Workers,* 367 U.S. at 891–92, 81 S.Ct. at 1746–47. The commander has "authority to maintain discipline and order on the base and to ensure its smooth operation." *Tokar v. Hearne,* 699 F.2d 753, 756 (5th Cir.), *cert. denied,* 464 U.S. 844, 104 S.Ct. 146, 78 L.Ed.2d 137 (1983). Even during an open house, an important security interest remains in controlling the access of persons thought to present special problems or dangers. *Albertini,* 105 S.Ct. at 2907. Weighing these interests as the Supreme Court did in *Cafeteria Workers,* we conclude that the commander of Hickam Air Force Base, in the exercise of his unique control over the facility with which he was entrusted, was not required by due process to hold or give an opportunity for a hearing at the time he issued the bar letter to Albertini.

Albertini also raises some due process arguments that relate to his being physically ushered off the base and detained for a period of time thereafter. As we have already indicated, however, the commander was entitled to exclude Albertini, and that power must include the power to remove Albertini physically if necessary. In any event, there is a further difficulty with Albertini's argument. The offense of which he was convicted was the reentry of the Base after having been barred. The crime was complete upon reentry. He has not shown how the circumstances of his removal from the Base, or his possible detention thereafter, relate to his conviction. We therefore need not address these arguments further.

## IV. INCONSISTENT ENFORCEMENT

Albertini bases his other available argument on the fact that he had, after issuance of the bar letter in 1972, entered the Base a number of times with the acqui-

escence or even the invitation of persons officially connected with the Base. He refers to evidence that he had been on the Base "on several occasions since 1972" and that he lectured in an educational class there, and conducted a tour on the Base for some visitors to the island. Albertini contends that, in light of those facts, it would violate due process to convict him for violating the terms of the bar letter on Armed Forces Day in 1982.

We have difficulty in finding a due process violation on the basis of these facts. We can scarcely avoid the implications of the Supreme Court's rejections of Albertini's analogous arguments relating to the nature of the Armed Forces Day open house:

> The assertion that respondent lacked notice that his entry was prohibited is implausible. The bar letter in no way indicated that it applied only when public access to Hickam was restricted. Any uncertainty respondent had in this regard might have been eliminated had he sought, in accord with [the] bar letter, permission to reenter from the base commander. There is no contention that respondent ever asked to have the bar letter rescinded or otherwise requested permission to reenter the base.

105 S.Ct. at 2904. Many of the same considerations apply here. Nothing in the bar letter suggested that entry without objection, or even on invitation from persons other than the commander or an officer he designated for the purpose, invalidated the letter. Nothing in the record suggests that any invitations were by the commander or his designated officer. Albertini had never been "issued a permit of reentry" as the bar letter required. He never inquired about the continued validity of the letter or sought permission to reenter in the manner specified by the letter. Given, as we now are, the fact that a bar letter of indefinite duration is not inherently unreasonable in a due process sense, *Albertini,* 105 S.Ct. at 2908, nothing in the facts of Albertini's intervening entries between 1972 and 1982 renders it patently arbitrary or discriminatory to convict him for violating the terms of the letter on Armed Forces Day. We

consequently conclude that Albertini's due process defense fails.

### V. CONCLUSION

The due process issues raised by Albertini and left open by the Supreme Court's mandate are resolved against Albertini. His conviction by the district court for violating 18 U.S.C. § 1382 is

AFFIRMED.