889 F.2d 1097
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Annette VILLAMERO, Plaintiff-Appellant,
v.
Timothy D. GILL, Col.; Ronald S. Eschelman; Michael K.
Hickman; Revonda K. Ybarra; Malinda Hess,
Defendants-Appellees.
 No. 89-15133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 30, 1989.
Decided Nov. 22, 1989.
 Before SNEED, KOZINSKI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Villamero seeks injunctive relief and damages as a result of being barred from Hickam Air Force Base for a period of one year. Because the exclusion order expired by its own terms on June 29, 1988, her claim for injunctive relief is moot. Her damage claim fails on qualified immunity grounds because Colonel Gill and the named security officers could, as a matter of law, reasonably have believed that the search of Villamero's car, her subsequent arrest and her exclusion from the military base, were lawful. Accordingly, the district court properly granted summary judgment in their favor. See Anderson v. Creighton, 107 S.Ct. 3034, 3040, 3042 n. 6 (1987).
 
 
 3
 Czar, Hickam's drug-sniffing dog, directed the officers to an unoccupied car, giving them probable cause to search it. This search disclosed marijuana seeds, stems and other residue, giving the officers probable cause to arrest Villamero, who had driven the car onto the base. Based on her arrest and accompanying hostility and resistance, which she does not deny, Villamero was barred from entering Hickam Air Force Base.
 
 
 4
 A person employed at a military base generally has no constitutional right to an evidentiary hearing before being barred from the base, even though she loses her job as a result. See Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 894-99 (1961); United States v. Albertini, 783 F.2d 1484, 1486-87 (9th Cir.1986) (on remand from the Supreme Court). Accepting as true Villamero's contentions that she did not own the car, that she knew nothing about the marijuana found inside, that she was not drunk and that she had valid reasons for being angry at the security officers, summary judgment was still proper. The undisputed fact remains that she was uncooperative and verbally abusive when police confronted her. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Accordingly, it protects defendants here, who could readily have believed that the facts warranted Villamero's arrest and exclusion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3