5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leslie FAGAN; Josephine Baker; Alice Moore; Mechelle
Pizzo; Guy Sutterfield, Plaintiffs-Appellants,
v.
UNITED STATES of America; U.S. Air Force; John H.
Cunningham, Colonel; Richard B. Cheney,
Secretary, Defendants-Appellees.
 No. 92-55382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Aug. 19, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-90-3430-CBM, Consuelo B. Marshall, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, who were contract employees at Edwards Air Force Base, challenge their barment from the base following an Air Force investigation into illegal drug use. Following the barments, plaintiffs were dismissed from their jobs and their security clearances were administratively terminated. They appeal summary judgment in favor of the government which we review de novo. Federal Deposit Insurance Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). We affirm.
 
 
 3
 * Plaintiffs argue that existing Department of Defense ("DoD") regulations, 32 C.F.R. Sec. 155 et seq. (1992), and due process require notice and a hearing before their barments go into effect. This argument fails.
 
 
 4
 * Plaintiffs' statutory argument boils down to one key issue: did Base Commander Cunningham bar plaintiffs from Edwards for national security reasons. If Cunningham's intent was in fact to deny plaintiffs access to classified material for national security reasons, plaintiffs' position that the government should have followed Sec. 155's procedures prior to issuing the barment orders would have merit. Vitarelli v. Seaton, 359 U.S. 535 (1959) and Greene v. McElroy, 360 U.S. 474 (1959), can be read together to stand for the proposition that when the government bars an individual from a military installation for national security reasons, it must adhere to established procedures--in this case Sec. 155's notice and hearing requirements.
 
 
 5
 The record demonstrates, however, that these barment decisions were not based on national security grounds. First, contrary to plaintiffs' assertions, Cunningham did not rely on an overarching "DoD" investigation into national security when making his barment decisions. Plaintiffs fail in their attempt to link the Air Force ("AFOSI") criminal investigation, which focused on illegal drug use that might threaten general discipline and good order on the base (the subject of the base commander's authority to bar individuals under 32 C.F.R. Sec. 809a.1 (1992)), to the Defense Investigative Service's ("DIS") investigation, which focused on plaintiffs' reliability and trustworthiness and whether their continuing access to classified material would be consistent with national security.
 
 
 6
 In his sworn declaration, Cunningham stated unequivocally that he relied only upon the AFOSI criminal investigation when making his barment decisions. AFOSI and DIS are two distinct government entities, pursuing entirely different objectives, under separate authority. While AFOSI does routinely forward adverse information about individuals that may be pertinent to DIS determinations regarding their access to classified information, DIS alone is charged with the duty and authority to investigate the propriety of granting or continuing security clearances. See 32 C.F.R. Sec. 154.9 (1992); see also High Tech Gays v. DISCO, 895 F.2d 563, 565-67 (9th Cir.1990). By its own terms, Sec. 155 and its accompanying procedures apply only to DIS investigations and Defense Industrial Security Clearance Office ("DISCO") decisions based on these investigations. 32 C.F.R. Sec. 155.2.[1] In this case, DIS neither completed its investigations nor made any recommendations to DISCO whether plaintiffs' continued clearance would be consistent with national security. Thus, the government was under no obligation to employ Sec. 155's notice and hearing procedures before issuing the barment orders.
 
 
 7
 Second, there is no substantial evidence to support plaintiffs' contention that Cunningham based his decision on national security grounds. Plaintiffs are unpersuasive in attempting to demonstrate this by stitching together a few selected excerpts from his deposition testimony and the correspondence with Representative Thomas. Although at times Cunningham does acknowledge that his responsibilities, and decisions, as base commander ultimately implicate "national defense" and "national security" concerns, every decision a base commander makes in some general way implicates the national defense. But far from grounding his barment decisions on national security concerns about plaintiffs' access to classified information, Cunningham explicitly stated in each letter that plaintiffs' involvement with illegal drugs constituted conduct "detrimental to the good order and discipline of [the] installation." Barring civilians for this reason is consistent with a commander's authority under 32 C.F.R. Sec. 809a.1(b) to "deny access to his installations" so long as the exclusions are reasonably related to "his responsibility to protect and to preserve order."
 
 
 8
 Thus, we agree with the district court that plaintiffs failed to carry their burden of showing that a genuine issue of material fact existed with respect to this issue.
 
 B
 
 9
 The Constitution does not require notice or a hearing prior to barment from a military installation. Cafeteria Workers v. McElroy, 367 U.S. 886, 896-98 (1961). Plaintiffs argue, however, that they fall within the two exceptions to the Cafeteria Workers holding: 1) where the exclusion is based on patently arbitrary or discriminatory grounds; or 2) where the government action "bestows a badge of disloyalty or infamy, with an attendant foreclosure of employment opportunity." Id. at 898.
 
 
 10
 Cunningham's decisions were not arbitrary or discriminatory. Whether we review the stated, facial rationale for the barments, or look to the facts supporting them,[2] Cunningham's decisions were reasonable. Not only was his reasoning stated clearly in each barment letter, but it involved an important, recognized concern affecting order and discipline on his base.
 
 
 11
 Plaintiffs also fail to persuade us that this case represents one of the extremely rare instances where government action has bestowed "a badge of disloyalty or infamy" such that due process requires notice and a hearing. Cafeteria Workers, 367 U.S. at 898. Here, the stated reasons behind barment, the AFOSI findings, and the barment letters themselves have not been publicly released by the government. It was plaintiffs who chose to use their actual names in this litigation rather than to employ Jane and John Doe. As for the generic act of being barred from a base, it carries no greater stigma than any other barment where the reasons are not published. In affirming the district court, we follow the Supreme Court in Cafeteria Workers and numerous decisions by this court[3] and decline to hold that due process requires notice and a hearing prior to a base commander's reasonable and nondiscriminatory decision to bar civilians from her base.
 
 II
 
 12
 Plaintiffs also argue that Sec. 155 and due process require notice and a hearing prior to the administrative revocation of their security clearances. The law and the facts, however, support the district court's summary judgment for the government.
 
 
 13
 * As they did with respect to the barments, plaintiffs rely on Vitarelli and Greene in claiming that the district court erred when it determined that the procedures set forth in Sec. 155 do not apply to the termination of their clearances. Their arguments fail for similar reasons: the revocations were not based on national security grounds following a DIS investigation into plaintiffs' trustworthiness and reliability.
 
 
 14
 In this case, Cunningham explicitly based his barment decisions on the AFOSI criminal investigations into drug use and on his authority under Sec. 809a.1 to exclude civilians to preserve order and discipline. Shortly thereafter, plaintiffs' employer dismissed them from their jobs and, in accordance with government regulations, requested that plaintiffs' security clearances be administratively revoked without prejudice.[4] Neither DIS or DISCO ever determined that plaintiffs were unreliable or untrustworthy and that continuance of their clearances would be inconsistent with the national interest; the DIS background investigations were cancelled immediately following the administrative termination of the clearances. By its own terms, Sec. 155 does not apply to situations where a clearance "is withdrawn for administrative reasons that are without prejudice to a later determination" of whether to grant or continue an applicant's security clearance. 32 C.F.R. Sec. 155.2(e)(3). Thus, we affirm the district court's determination that Sec. 155 does not apply to the administrative revocation of plaintiffs' clearances.
 
 B
 
 15
 Contrary to plaintiffs' argument, due process does not require notice and a hearing before the revocation of security clearances. See Department of the Navy v. Egan, 484 U.S. 518, 528 (1988); Dorfmont v. Brown, 913 F.2d 1399, 1403 (9th Cir.1990), cert. denied, 111 S.Ct. 1104 (1991) (no liberty or property interest exists in a security clearance or in employment requiring a security clearance).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See also DoD Directive 5220.22-R/AFR 205-4 p 2-316(c) (stating that Sec. 155 does not modify a commander's authority to bar civilians from military installations and that barments are not appealable under the DoD Industrial Personnel Security Clearance Program)
 
 
 [2]
 See, e.g., United States v. May, 622 F.2d 1000, 1006 (9th Cir.), cert. denied, 449 U.S. 984 (1980); Bridges v. Davis, 443 F.2d 970, 973-74 (9th Cir.1971), cert. denied, 405 U.S. 919 (1972); cf. Serrano Medina v. United States, 709 F.2d 104, 109 (1st Cir.1983) (noting that some circuits, including the Ninth, have been willing to question within limits whether the exclusion itself, rather than the proffered reason, is patently arbitrary or discriminatory)
 
 
 [3]
 See, e.g., United States v. Albertini, 783 F.2d 1484 (9th Cir.1986); United States v. May, supra; United States v. Douglass, 579 F.2d 545 (9th Cir.1978); Bridges v. Davis, supra
 
 
 [4]
 See Industrial Security Manual For Safeguarding Classified Information p 29(a) & (d)