12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald L. SCHULMAN, Defendant-Appellant.
 No. 93-55264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald L. Schulman appeals the district court's order denying his motion to vacate, set aside or correct his sentence. Schulman has abused the judicial process by repeating arguments previously rejected by this court. We affirm.
 
 
 3
 Schulman was indicted in 1987 for tax fraud and conspiracy. The district court dismissed the charges because the government could not show that the tax shelter promoted by Schulman was clearly illegal. We reversed the dismissal. United States v. Schulman (Schulman I), 817 F.2d 1355 (9th Cir.1987). We said that "assuming the truth of the allegations in the indictment, the defendant was engaged in promoting a tax scheme, the illegality of which he had fair notice." Id. at 1361. Whether the allegations were true and whether Schulman had the willful intent to violate the tax laws were questions left to the district judge.
 
 
 4
 On remand, the district court found Schulman guilty, but stated that Schulman I "virtually dictated" the finding. Schulman appealed, arguing that the district judge "felt unduly constrained by the language in Schulman I." He also argued that his status as a lawyer and an accountant did not provide the knowledge and intent necessary to overcome a presumption of innocence.
 
 
 5
 We affirmed the conviction. United States v. Schulman (Schulman II), 889 F.2d 1097 (9th Cir.1989) (unpublished disposition). We rejected the argument that the district judge found Schulman guilty solely on the basis of our language in Schulman I. We held that "although the district judge failed to make findings of fact, she nonetheless considered all the evidence and found the appellant's conduct willful in convicting him." We said that her statements did not "establish that [she] failed to make independent findings of fact, or that she did not conclude that the appellant was guilty beyond a reasonable doubt."[1] We also held that Schulman's background as an attorney and accountant was properly considered in deciding whether he was capable of forming the requisite intent to violate the law.
 
 
 6
 Schulman then moved the district court to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. The district court denied his motion and Schulman appeals. He argues that it was error for the district court to deny his motion without an evidentiary hearing.
 
 
 7
 We review de novo a district court's denial of a Sec. 2255 motion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990) (citations omitted). We review for an abuse of discretion the court's decision not to hold any evidentiary hearing before denying a motion under Sec. 2255. Id. at 168. A hearing is appropriate unless the motion, files and records of the case conclusively show that the petitioner is not entitled to relief. 28 U.S.C. Sec. 2255.
 
 
 8
 A Sec. 2255 motion cannot relitigate issues raised on direct appeal. Battaglia v. United States, 428 F.2d 957, 960 (9th Cir.1970). Schulman raises two issues in his motion. First, he argues that the district court "believed that its fact-finding powers had been constricted by the Court of Appeals." Second, he alleges ineffective assistance of counsel because his attorney did not clarify for the district court this court's decision in Schulman I and because his attorney did not object to evidence of his background as an attorney and accountant.
 
 
 9
 Both issues were addressed on direct appeal and cannot be considered on a Sec. 2255 motion. In Schulman II, we considered, but rejected, Schulman's argument that the district court believed its fact-finding powers had been constrained. We said that the district court "considered all the evidence and found the appellant's conduct willful in convicting him."
 
 
 10
 Schulman's ineffective assistance of counsel argument lacks merit. He says that he was denied effective assistance because his attorney failed to clarify to the district court the meaning of our language in Schulman I. This repeats his oft-repeated argument that the district court felt constrained by Schulman I.[2]
 
 
 11
 He also claims that he was denied effective assistance of counsel because his attorney did not object when the court considered Schulman's background as an attorney and an accountant. This too, was addressed in Schulman II. We held that "his background was properly considered." Schulman cannot relitigate the issue merely by framing it as ineffective assistance of counsel.
 
 
 12
 The district court did not abuse its discretion by denying Schulman's motion without an evidentiary hearing.[3] No hearing was necessary because prior dispositions of this case show conclusively that Schulman is not entitled to relief.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument has been considered and is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Judge Reinhardt dissented, saying that Schulman's conviction may have been based on an overly broad reading of Schulman I
 
 
 [2]
 Any doubt about whether Judge Pfaelzer misconstrued Schulman I is resolved by her comments at Schulman's motion to reconsider the order denying his Sec. 2255 motion. She said "... I weighed all the credibility of the witnesses and all the evidence in the typical way they can do a criminal case.... I weighed the evidence and found Mr. Schulman guilty. That's the history of the case." Later, she said "I found Mr. Schulman guilty, knowing full-well what I was doing.... I wasn't confused."
 
 
 [3]
 As noted above, the court did hold a hearing on Schulman's motion to reconsider the court's order denying his Sec. 2255 motion