John W. BLUE, Plaintiff–Appellant,

v.

Sheila WIDNALL, officially as Secretary of the Air Force, Defendant–Appellee.

No. 97–15107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1998.

Decided Aug. 14, 1998.

Amended Dec. 3, 1998.

William Tagupa, Honolulu, Hawaii, for plaintiff-appellant.

R. Michael Burke, Assistant United States Attorney, Honolulu, Hawaii, for defendant-appellee.

Before: BROWNING, BRUNETTI, and RYMER, Circuit Judges.

### ORDER

The opinion filed August 14, 1998, slip op. 8949 [152 F.3d 1149], is amended as follows;

1. At slip op. 8954 [152 F.3d at 1150–51], the second full paragraph is deleted, and the following paragraph is inserted in its place:

We agree with the district court, but for a different reason. In *Veit v. Heckler*, 746 F.2d 508 (9th Cir.1984), we held that the general judicial review provisions of the APA never confer jurisdiction to review federal personnel actions. *Id.* at 511. "[F]ederal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere." *Id.* Accordingly, the district court had no jurisdiction under the APA to review the personnel actions challenged by Blue.

2. At slip op. 8954 [152 F.3d at 1151], third paragraph, the first sentence and "[h]owever" from the second sentence is deleted. The paragraph shall read:

Blue also sought review of the challenged personnel actions pursuant to the CSRA. Blue, however, has forfeited any

remedies he might have had under the CSRA. Blue did not present the allegations alleged in Counts II and III of his complaint to the OSC or the MSPB.[*] As the CSRA does not authorize judicial review of Blue's alleged violations of the VPA, even if those violations deprived Blue of property and procedural rights, *see Saul v. United States,* 928 F.2d 829, 839 (9th Cir.1991), we lack jurisdiction to review these claims.

3. At slip op. 8956 [152 F.3d at 1151–52], the second full paragraph, the last sentence beginning with "Particularly, he must have shown ...." is deleted and is replaced with the following language:

With direct evidence, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220–21 (9th Cir.1998). On the other hand, circumstantial evidence that tends to show that the employer's proffered motives were not the actual motives "must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of sex." *Id.* at 1222.

With these amendments, the panel has voted unanimously to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

## OPINION

BRUNETTI, Circuit Judge:

John Blue, an African–American male and disabled veteran, applied for a civilian intelligence position with the Air Force and was not selected. The district court dismissed Counts II, III, and IV of Blue's complaint, which alleged violations of veteran's preference and merit system principles in the selection process, on the grounds that the court lacked subject matter jurisdiction due to Blue's failure to point to a waiver of sovereign immunity and, alternatively, that Blue failed to state a claim for which relief could be granted. The court then granted summary judgment in favor of the Air Force on Count I, Blue's Title VII race/color discrimination claim, on the ground that Blue failed to present sufficient evidence that the Air Force's proffered explanation for Blue's nonselection was pretextual. Blue appeals the district court's dismissal of Counts II–IV and its grant of summary judgment on Count I. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. *Dismissal of Counts II–IV*

The district court dismissed Counts II–IV of Blue's complaint on the grounds that it lacked subject matter jurisdiction and, alternatively, that Blue failed to state a claim for which relief could be granted. We affirm on the first ground and do not discuss the second.

■ The plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983). Whether the government waives its sovereign immunity is a question of subject matter jurisdiction. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). We review de novo a dismissal for lack of subject matter jurisdiction. *Ma v. Reno,* 114 F.3d 128, 130 (9th Cir.1997).

■ On appeal, Blue asserts jurisdiction under 5 U.S.C. § 702 *et seq.,* the Administrative Procedure Act ("APA"). The APA

---

[*] Blue alleged in Count II of his complaint "that he was discriminated against on the basis of his veteran's preference/status contrary to 5 U.S.C. Sections 2108, 3309(1), 38 U.S.C. Section 4414(c), 5 C.F.R. Sections 302.201, 302.202, 302.304 and 720.301 *et seq.*...."

Blue Alleged in Count III that "his Section 3309(1) 10–point preference is a benefit property right and that he was deprived of said right by Defendants without due process or equal protection...."

waives sovereign immunity for actions against the United States and its agencies brought under 28 U.S.C. § 1331 (i.e., federal question jurisdiction) to the extent that non-monetary relief is sought. *Beller v. Middendorf,* 632 F.2d 788, 797 (9th Cir.1980). The district court determined that the APA did not provide a basis for jurisdiction, because jurisdiction was preempted by 5 U.S.C. §§ 7511 and 7701 *et seq.,* the Civil Service Reform Act ("CSRA").

■ We agree with the district court, but for a different reason. In *Veit v. Heckler,* 746 F.2d 508 (9th Cir.1984), we held that the general judicial review provisions of the APA never confer jurisdiction to review federal personnel actions. *Id.* at 511. "[F]ederal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere." *Id.* Accordingly, the district court had no jurisdiction under the APA to review the personnel actions challenged by Blue.

■ Blue also sought review of the challenged personnel actions pursuant to the CSRA. Blue, however, has forfeited any remedies he might have had under the CSRA. Blue did not present the allegations alleged in Counts II and III of his complaint to the OSC or the MSPB.[1] As the CSRA does not authorize judicial review of Blue's alleged violations of the VPA, even if those violations deprived Blue of property and procedural rights, *see Saul v. United States,* 928 F.2d 829, 839 (9th Cir.1991), we lack jurisdiction to review these claims.

■ Blue did file a written complaint with the OSC alleging that the Air Force violated

certain parts of 5 U.S.C. § 2302(b).[2] The violations alleged in that complaint appear in Count IV of his complaint to the trial court. The OSC responded to Blue by letter on August 23, 1996, stating that it lacked jurisdiction to entertain his claims.

■ Blue now argues that we have limited jurisdiction to review whether the OSC performed an adequate inquiry into his complaint. *See Veit,* 746 F.2d at 510–11 (stating that the system established by the CSRA provides review of prohibited personnel practices by the OSC with judicial scrutiny "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry ...." (citation omitted)).[3] However, if Blue wanted the district court or this court to determine whether the OSC adequately performed its function, he needed to make the OSC a party to the action. As he failed to do so, we are not in a position to exercise limited jurisdiction to determine whether the OSC performed an adequate inquiry into Blue's complaint.

Thus, the district court properly dismissed Counts II–IV for lack of subject matter jurisdiction.

## II. *Summary Judgment on Count I*

■ Blue presented a prima facie case of race/color discrimination under Title VII. The Air Force presented legitimate, nondiscriminatory reasons for its actions with regard to Blue. Thus, the burden of production rested with Blue to show by a preponderance of the evidence that the reasons put forth by the Air Force were pretextual. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The dis-

---

1. Blue alleged in Count II of his complaint "that he was discriminated against on the basis of his veteran's preference/status contrary to 5 U.S.C. Sections 2108, 3309(1), 38 U.S.C. Section 4414(c), 5 C.F.R. Sections 302.201, 302.202, 302.304 and 720.301 *et seq.* ....."

   Blue Alleged in Count III that "his Section 3309(1) 10-point preference is a benefit property right and that he was deprived of said right by Defendants without due process or equal protection...."

2. The OSC's August 23, 1996, letter to Blue states that his complaint alleged violations of 5 U.S.C. §§ 2302(b)(1)(A) and (b)(2). Blue's Open-

ing and Reply Briefs suggest that his complaint to the OSC also alleged a violation of (b)(6). Blue's complaint to the OSC was not entered into the record.

3. Blue did not make this argument to the district court. "As a general rule, we will not consider an issue raised for the first time on appeal, although we have the power and discretion to do so." *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir.1991). We can consider such an issue where it is purely one of law and the pertinent record has been developed. *Id.*

trict court found that Blue failed to produce such evidence and granted summary judgment in favor of the Air Force.

Blue needed to "produce very little evidence of discriminatory motive to raise a genuine issue of fact as to pretext." *Warren v. City of Carlsbad*, 58 F.3d 439, 443 (9th Cir.1995)(internal quotation omitted). Still, Blue needed to "produce evidence of facts that either directly show[ed] a discriminatory motive or show[ed] that the [Air Force's] explanation for his rejection [was] not credible." *Id.* With direct evidence, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–21 (9th Cir.1998). On the other hand, circumstantial evidence that tends to show that the employer's proffered motives were not the actual motives "must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of sex." *Id.* at 1222.

On appeal, Blue claims that he put forth several pieces of evidence that demonstrated that the Air Force's proffered explanation for its employment decision was pretextual. We agree with the district court that Blue did not satisfy his burden of production. The following discusses Blue's main arguments. Any arguments not discussed are similarly rejected.

Blue argues that his qualifications were so superior to the selectee's qualifications that a rational trier of fact could find discriminatory intent. However, Blue did not present evidence that his qualifications were superior. Indeed, Blue and the selectee were scored almost identically twice prior to the interview based on their qualifications. "The closer the qualifications of the candidates, the less weight the court should give to perceived differences in qualifications in deciding whether the proffered explanations were pretextual." *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir.1993). Thus, the asserted superiority of Blue's qualifications does not raise a genuine issue of fact of pretext. *See Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir.1986) (subjective personal judgments of qualifications do not raise genuine issues of material fact).

Blue cites *Jauregui v. City of Glendale*, 852 F.2d 1128, 1135–36 (9th Cir.1988), and out-of-circuit cases, for the proposition that the use of subjective factors (i.e., the interview process) to evaluate applicants is not illegal per se, but may be used as a covert means to effect intentional discrimination. However, Blue offers no evidence that the interview process was used to mask discriminatory motives. He merely asserts again that his qualifications were so superior that the use of the interview process shows pretext. This is simply not sufficient.

Blue argues that because the Air Force refused or failed to follow its affirmative action policies, its proffered reasons were pretextual. However, the affirmative employment plan at issue in this case does not target the position sought by Blue. The position falls within a category under the plan for which there was no underrepresentation of African–American males during the relevant time period. Blue did not dispute this evidence below nor does he do so now.

Blue argues that statements made by the selecting official after the selection process show discriminatory intent. After the selection was made, the selecting official asked an equal employment staffing specialist whether he was supposed to take into account affirmative action or veteran's preference in making the selection. The nature of these statements in conjunction with the elaborate selection process seems to demonstrate that the selecting official was merely being cautious. These statements are not specific, substantial evidence that the Air Force's proffered reasons for not selecting Blue were pretextual. Regardless, this argument was not raised below and we are not obligated to entertain it here. *See Fry*, 939 F.2d at 835.

Blue contends that the fact that the selection process violated personnel regulations shows pretext. Blue argues that after the Consolidated Civilian Personnel Office assigned the five or ten-point veteran's preference points to the appropriate applicants, the Air Force was required by 5 C.F.R. § 302.303(d)(2)(ii) to list all applicants by cat-

egory in the following order: those eligible for a ten-point preference, those eligible for a five-point preference, those not eligible for a preference. This process would have placed Blue in the top three candidates and removed the selectee from the top three. The district court correctly noted that the Intelligence Authorization Act of 1987, 10 U.S.C. § 1590 (repealed), covered the position sought and noted that Air Force Instruction 36–1101, directing local personnel offices on the application of Section 1590, mandates that various veteran's preference regulations do not apply in the appointment of civilian intelligence positions. Specifically, the Air Force was not required to list the candidates by preference category and select from the top three applicants on that list.

■ Blue argues that the Air Force's failure to record and inform him of the reasons it selected a non-veteran's preference eligible candidate over him, as required by 5 C.F.R. § 302.401(b), is evidence of pretext. However, the failure to record the reasons for nonselection, unaccompanied by any evidence of discrimination, does not raise a genuine issue of fact whether the reasons now offered are pretext for discrimination.

■ Blue asserts that the Air Force's failure to employ affirmative action with respect to his status as a disabled veteran shows pretext. The district court correctly found that the affirmative action plan at issue did cover disabled veterans, but that it did not apply to this position. Regardless, this would not demonstrate that the Air Force's proffered reasons were pretext for race/color-based discrimination.

■ Finally, Blue relies on *Kolstad v. American Dental Ass'n,* 108 F.3d 1431, 1436 (D.C.Cir.1997), *rev'd in part,* 139 F.3d 958 (D.C.Cir.1998)(en banc), and argues that the panel's improper consideration of recommendations submitted on the selectee's behalf shows that the selectee was "preselected" for the position, which shows discriminatory intent. Blue did not present evidence that the selecting official was aware of any prohibitions against considering recommendations. Additionally, the fact that the selectee was credited for his enthusiasm in obtaining rec-

ommendations does not show that the selectee was, in fact, preselected. Regardless, only preselection based on discriminatory motives violates Title VII. *See Goostree v. Tennessee,* 796 F.2d 854, 861–62 (6th Cir. 1986). Blue has not presented evidence that any preselection resulted from a discriminatory motive instead of political considerations. Again, Blue fails to present sufficient evidence of pretext.

■ Blue simply has not presented evidence that the Air Force's proffered explanation was pretextual so that a rational trier of fact could find discriminatory intent.

AFFIRMED.