Thomas B. PRESCOTT,
Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF AGRICUL-
TURE, Defendant–Appellee.

No. 01–16716.
D.C. No. CV–00–07149–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM**

Thomas Prescott appeals pro se the district court's dismissal of his action for lack of subject matter jurisdiction and on claim preclusion grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir.1998), and we affirm.

Prescott has failed his burden to establish the district court's subject matter jurisdiction. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). The Contract Disputes Act (CDA), 41 U.S.C. §§ 601–613, provides exclusive remedies in the Federal Circuit for federal contractors seeking additional compensation. 41 U.S.C. § 605 (CDA applies to "all claims by a contractor against the government relating to a contract"); *Mendenhall v. Kusicko*, 857 F.2d 1378, 1379 (9th Cir.1988) (the CDA confers exclusive jurisdiction on the Court of Claims). All of Prescott's claims are directly related to his contract with the Forest Service.

Prescott may not avoid the jurisdictional bar of the CDA merely by alleging his contract dispute in the language of tort. *See Mendenhall*, 857 F.2d at 1378–79; *cf. Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C.Cir.1982). Prescott's recasting of his contractual dispute as a claim for unconstitutional involuntary servitude is subject to the same rule. *See Mendenhall*, 857 F.2d at 1378–79. Even if we considered the involuntary servitude claim independently, the court lacked jurisdiction to hear it as pleaded because there is no waiver of the United States's sovereign immunity for damages claims arising from constitutional torts. *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir.1985) (no constitutional tort claim against the U.S.); *Daly–Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir.1987) (no tort claim against federal agencies).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). To the extent that Appellant's March 15 filing constitutes a motion for oral argument, that motion is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.