**Rudolph FRAZIER, Plaintiff—Appellant,**

v.

**CAREER SYSTEMS DEVELOPMENT CORPORATION; et al., Defendants—Appellees.**

No. 03–56834.

D.C. No. CV–01–00904–IEG/AJB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Rudolph Frazier, Chula Vista, CA, pro se.

Truth Fisher, Gordon & Rees, San Diego, CA, for Defendants–Appellees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

#### MEMORANDUM**

Rudolph Frazier appeals pro se the district court's summary judgment in his ac-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion alleging his employer ("Career Systems") discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and other civil rights statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

Career Systems presented substantial evidence that Frazier was not promoted because other candidates possessed superior qualifications. Because Frazier failed to produce specific and substantial evidence creating a genuine issue of material fact as to whether the proffered reasons for not promoting him were pretextual, summary judgment on his discrimination claims was proper. *See Blue v. Widnall,* 162 F.3d 541, 546 (9th Cir.1998) (analyzing Title VII claim); *see also Patterson v. McLean Credit Union,* 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (holding Title VII and section 1981 claims subject to same analysis).

The district court did not err in concluding that Frazier failed to state a claim under 42 U.S.C. § 1983 because Career Systems is a private employer. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 839–43, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

Frazier's remaining contentions lack merit

**AFFIRMED.**