**Jerry J. EDWARDS, Plaintiff—Appellant,**

v.

**Gordon R. ENGLAND, Secretary of the Navy, Defendant—Appellee.**

No. 04–16185.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Jerry J. Edwards, Apo, AP, pro se.

Edward J. Lynch, U.S. Attorney, Hagatna, GU, for Defendant–Appellee.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM **

Jerry J. Edwards, an African–American male, appeals pro se the district court's order granting the Secretary of the Navy's ("Navy") motion for summary judgment on his claims brought under Title VII, 42 U.S.C. § 2000e, for employment discrimination based on race, color and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see *Summer v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir.1997), and we affirm.

■ Edwards contends that he suffered discrimination when he lost his employment at the Yokosuka Naval Base after the military barred his access to all U.S. military installations in Japan. The district court did not err by granting summary judgment because Edwards failed to establish a prima facie case to support his claim that his debarment from the installations was racially motivated. *See Blue v. Widnall,* 162 F.3d 541, 546 (9th Cir.1998). Moreover, the record showed that Edwards' debarment was, in fact, less severe than others similarly situated. *See id.*

■ Summary judgment was proper on Edwards' retaliation claim because he failed to show a nexus between his two-year debarment and the filing of his earlier Equal Employment Opportunity claim. *See Kortan v. California Youth Auth.,* 217 F.3d 1104, 1112 (9th Cir.2000).

■ The district court also properly granted summary judgment on Edwards' claim that his due process rights were violated when he did not receive a hearing prior to his debarment notification because there is no right to a hearing for military debarment. *See United States v. Albertini,* 783 F.2d 1484, 1487 (9th Cir.1986).

Edwards' remaining contentions on appeal lack merit.

AFFIRMED.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Edwards' request for appointment of counsel on appeal is denied. *See Bradshaw v. Zoological Soc. of San Diego,* 662 F.2d 1301, 1318 (9th Cir.1981).