**William E.H. TAGUPA, Plaintiff–Appellant,**

v.

**Ray MABUS,* Secretary of the Navy, Defendant–Appellee.**

No. 08–15960.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Ray Mabus is substituted for his predecessor Donald C. Winter, as Secretary of the Navy, pursuant to Fed. R.App. P. 43(c)(i).

Submitted July 29, 2009.**

Filed July 31, 2009.

William E.H. Tagupa, Honolulu, HI, pro se.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM ***

William E.H. Tagupa appeals pro se from the district court's summary judgment for the United States Navy in his employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Leong v. Potter,* 347 F.3d 1117, 1123 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment because Tagupa failed to raise a triable issue that the Navy's legitimate and nondiscriminatory reason for not hiring Tagupa as Assistant Counsel—two negative job references—was pretext for an unlawful motive. *See id.* at 1124 (affirming summary judgment where plaintiff did not raise a genuine issue of material fact to rebut the employer's nondiscriminatory reason for adverse employment decision).

Tagupa failed to raise a triable issue that he was "clearly superior" to those selected. *See Schuler v. Chronicle Broad. Co.,* 793 F.2d 1010, 1011 (9th Cir.1986) (plaintiff's subjective personal judgments

of qualifications do not raise genuine issues of material fact). Tagupa also failed to raise a triable issue that the Navy used subjective criteria "to mask discriminatory motives." *See Blue v. Widnall,* 162 F.3d 541, 546 (9th Cir.1998) (affirming summary judgment for employer because plaintiff failed to present evidence "that the interview process was used to mask discriminatory motives.").

Tagupa's remaining contentions lack merit.

**AFFIRMED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

