
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CUEVAS, | No. 14-15371 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05916-CRB |
| v. | |
| SKYWEST AIRLINES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KORMAN,[***] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Juan Cuevas appeals the district court's order granting summary judgment in his wrongful termination suit against SkyWest Airlines ("SkyWest"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.      The district court did not err in dismissing Cuevas's wrongful termination claims for intentional retaliation. Assuming that Cuevas established a prima facie retaliation case, SkyWest has demonstrated a legitimate, non-retaliatory reason for suspending and firing Cuevas—insubordination. As a result, the burden shifts to Cuevas to demonstrate intentional retaliation by SkyWest. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). Cuevas may succeed in demonstrating intentional retaliation either "directly by persuading the court that a [retaliatory] reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Cuevas has offered no direct evidence of intentional retaliation by SkyWest. Further, the indirect and circumstantial evidence offered by Cuevas is not specific and substantial. *See Blue*

*v. Widnall*, 162 F.3d 541, 546 (9th Cir. 1998). Accordingly, Cuevas failed to demonstrate intentional retaliation.[1]

2.      Cuevas was not engaged in protected activity when he refused to sign the Investigation Confidentiality Memo ("ICM"). First, Cuevas waived this claim by not presenting it in his complaint. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) ("[W]here . . . the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court."). Even if Cuevas had not waived this issue, SkyWest did not violate California Labor Code § 232.5 by requiring Cuevas to sign the ICM. The ICM did not unlawfully restrict Cuevas's ability to communicate about his working conditions. SkyWest's policy was to utilize the ICM form whenever there was a human resources investigation, and the ICM itself states that it is related to an "investigation" regarding "a confidential personnel matter." Cuevas has not provided any authority showing that such a confidentiality requirement, in connection with a company's internal investigation, violates California law.

---

[1]Because we conclude that Cuevas has not demonstrated retaliation, we need not determine whether Cuevas's employment was subject to an implied term (from the SkyWest Employee Handbook) that he would not be suspended or terminated for reporting a suspected violation of law or policy.

3.     Without deciding whether the district court erred in applying a "but-for," as opposed to a "substantial factor," causation standard to Cuevas's retaliation claim, any such error was nevertheless harmless.  The district court only applied the but-for standard in addressing the causation prong of Cuevas's prima facie case.  The district court found that Cuevas had established causation in his prima facie case. Accordingly, such alleged error did not affect Cuevas's substantial rights, because the result would have been the same had the district court applied the substantial factor standard instead.  *See* Fed. R. Civ. P. 61.

**AFFIRMED.**