Anthony BOUYER; Cheryl Smith; Diane M. Labiche, Plaintiffs–Appellants,

**Maurice Sturdivant, Plaintiff,**

v.

**Floyd SIMON, et al., Defendants–Appellees.**

No. 01–3835.

United States Court of Appeals,
Sixth Circuit.

Dec. 28, 2001.

Before SILER and BATCHELDER,
Circuit Judges; HOOD, District Judge.*

*ORDER*

Ohio residents Anthony Bouyer, Cheryl Smith, and Diane Labiche appeal a district court judgment that dismissed their employment discrimination suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding with counsel, the plaintiffs sued the judges of Toledo's municipal court. Bouyer, a probation officer, claimed that he was forced to function in a hostile work environment. Smith and Labiche claimed that the court unfairly refused to hire them as probation officers.

The district court granted summary judgment in favor of the defendants.

Proceeding pro se on appeal, the plaintiffs have filed briefs in which they state that they were victims of discrimination. All parties have filed briefs.

Upon review, we conclude that the plaintiffs have abandoned their appeal by failing to brief any appellate issue adequately. *Thaddeus–X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257,

259 (6th Cir.1996). We prefer that claims be adjudicated on their merits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). We also liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding pleadings filed by pro se parties to "less stringent standards than formal pleadings drafted by lawyers ...."). Nevertheless, pro se parties must still brief the issues advanced and reasonably comply with the standards of Fed. R.App. P. 28. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

Rule 28 of the Federal Rules of Appellate Procedure requires an appellant's brief to contain, among other things, a statement of the issues and an argument. Fed. R.App. P. 28(a). The argument portion of the brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and a concise statement of the standard of review for each contention. Fed. R.App. P. 28(a)(9).

The plaintiffs' briefs are wanting. The briefs are devoid of citation to controlling—or even persuasive—authority. The plaintiffs have submitted new documentary evidence attached to their briefs, but no citation to the record that was before the district court is evident. The plaintiffs are essentially seeking to try their case before

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

this court based on their conclusional statements and new documentary evidence. This court is a court of error: unless exceptional circumstances are present, we will not address an issue not first raised in the district court. *Enertech Elec.,* 85 F.3d at 261. No exceptional circumstances exist in this case, particularly in the light of the plaintiffs' attempt to raise new questions of fact in this court. *See Taft Broad. Co. v. United States,* 929 F.2d 240, 244 (6th Cir.1991) (noting that it is particularly inappropriate to decide new questions of fact for the first time on appeal).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.