Roger L. SHEDDEN, Plaintiff–
Appellant,

v.

UNITED STATES of America; Federal
Bureau of Prisons; Morrison, War-
den; Azam, Health Services Adm.;
Flatt, Physician's Asst., Defendants–
Appellees.

No. 03–4150.

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

Roger L. Shedden, Ayer, MA, pro se.

Steven J. Paffilas, U.S. Attorney's Of-
fice, Cleveland, OH, for Defendant–Appel-
lee.

Before SILER and GIBBONS, Circuit
Judges; and REEVES, District Judge.*

* The Honorable Danny C. Reeves, United     States District Judge for the Eastern District

## ORDER

Roger L. Shedden, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 5, 2003, Shedden filed a complaint alleging FTCA claims against the United States of America and alleging *Bivens* claims against the Federal Bureau of Prisons, R.L. Morrison, warden of the Federal Correctional Institution located in Elkton, Ohio (FCI–Elkton), FCI–Elkton Health Services Administrator Azam, and FCI–Elkton Physician's Assistants Flatt, Bullock, and Hall. Shedden alleged that in August 2001, during his incarceration at FCI–Elkton, he injured his right leg and knee. Relying upon the Eighth Amendment, Shedden alleged that the defendants denied him adequate medical treatment and care for his injury. According to Shedden, the defendants improperly evaluated his leg and knee injury, misunderstood and improperly interpreted his medical history, failed to x-ray his injured leg and knee, and failed to refer him to an orthopedic specialist for examination and treatment. Shedden sought monetary relief only. He is no longer incarcerated at FCI–Elkton.

The district court dismissed Shedden's complaint for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e). Shedden filed a timely appeal.

We review de novo a district court judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■ Upon review, we conclude that Shedden's *Bivens* claims were properly dismissed. First, Shedden failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode*, 423 U.S. 362, 373–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). Moreover, *Bivens* liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Second, Shedden failed to state a claim for relief under the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Shedden demonstrated neither that he was denied necessary medical treatment nor that the defendants were deliberately indifferent to his serious medical needs.

■ We further conclude that Shedden's FTCA claims were prematurely dismissed. Liability under the FTCA is determined by reference to the law of the state where the alleged medical malprac-

of Kentucky, sitting by designation.

tice or negligence occurred. *See* 28 U.S.C. § 1346(b); *Rayonier Inc. v. United States,* 352 U.S. 315, 318, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); *Flechsig v. United States,* 991 F.2d 300, 303–04 (6th Cir.1993). Under Ohio law, a plaintiff alleging medical malpractice or professional negligence must prove, by a preponderance of the evidence, that the defendant medical providers failed to adhere to the appropriate standard of care recognized by the relevant medical community and that such failure caused the plaintiff injury. *Bruni v. Tatsumi,* 46 Ohio St.2d 127, 346 N.E.2d 673, 677 (1976).

Shedden's complaint and exhibits indicate that Shedden received medical attention and treatment following the injury to his right leg and knee in the form of medical examinations, evaluations, and treatment on a regular basis, x-rays, referrals to an orthopedic specialist, and surgery. Shedden did not present or allege in his complaint the existence of any expert testimony which would establish that the medical treatment he received was substandard. But Shedden was not required to include such allegations in his complaint. That is more appropriately a matter to be resolved in a motion for summary judgment.

Accordingly, we affirm the district court's judgment on the *Bivens* claims and reverse and remand on the FTCA claims. Rule 34(j)(2)(C), Rules of the Sixth Circuit.