**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0379n.06
Filed: June 26, 2008

**No. 07-1710**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| BEN BERNANKE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge**. Robert Smith, a *pro se* Michigan resident, appeals from the district court's *sua sponte* order dismissing his civil lawsuit against Ben Bernanke, Chairman of the Board of Governors of the Federal Reserve System, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Smith's *pro se* lawsuit named Bernanke as the last in a chain of Federal Reserve officials who had failed to respond to his complaints about the closure of his account at Fifth Third Bank. Smith asserted causes of action for defamation of character, racial and gender discrimination, and violation of his rights under the Uniform Commercial Code. In dismissing Smith's complaint as frivolous, the district court concluded that Bernanke had otherwise failed to "set forth specific factual

allegations to support any cause of action against Bernanke." Smith timely filed a notice of appeal from the district court's denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.

We ordinarily review *de novo* a dismissal of an action as frivolous under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007)). "[A] complaint should be dismissed as frivolous only if it lacks an arguable basis in law or fact." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or it if is based on legal theories that are indisputably meritless." *Id.* (quoting *Neitzke*, 490 U.S. at 327-28).

Smith's appellate brief contains but a few conclusory arguments. It is arguable that the brief is inadequate to preserve any issue for appeal. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996) (concerning abandonment by failure to brief). An appellant's brief must contain, among other things, an argument section with "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and a concise statement of the standard of review for each contention. Fed. R. App. P. 28(a)(9). Despite our strong preference that claims be adjudicated on the merits, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), and the liberal construction we afford *pro se* briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "pro se parties must still brief the issues advanced and reasonably comply with the standards of Fed. R.

2

App. P. 28." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

In any event, insofar as Smith is suing the Federal Reserve Chairman in his official capacity, he was required to identify a waiver of sovereign immunity in order to proceed. *See Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 647 (2007). Smith has not done so. Insofar as Smith is suing Bernanke in his individual capacity for violations of his constitutional rights, Smith has failed to allege with specificity how Bernanke was personally involved in or responsible for violating his rights. *See Shedden v. United States*, 101 F. App'x 114, 115 (6th Cir. 2004) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)); *see also Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (liability of supervisory official for violation of constitutional rights, such as under 42 U.S.C. § 1983, cannot be premised solely on *repondeat superior* theory).

Because Smith has failed to establish that the district court erred in dismissing his complaint as frivolous, *see McGore*, 114 F.3d at 604, we affirm the judgment of the district court. Smith's Petition for Writ of Mandamus, in which he urges this court to direct Bernanke to "respond to his complaint," is denied.