RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2000 FED App. 0276P (6th Cir.)
File Name: 00a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN REETZ,
      *Plaintiff-Appellant,*

      *v.*

UNITED STATES OF AMERICA,
      *Defendant-Appellee.*

No. 99-1601

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 97-01036—Gordon J. Quist, District Judge.

Argued: June 22, 2000

Decided and Filed: August 22, 2000

Before: SILER and CLAY, Circuit Judges; STAFFORD,[*]
District Judge.

---

## COUNSEL

**ARGUED:** Craig W. Haehnel, HAEHNEL & CALOMENI,
Grand Rapids, Michigan, for Appellant. Charles R. Gross,
ASSISTANT UNITED STATES ATTORNEY, Grand

---

[*] The Honorable William H. Stafford, United States District Judge for
the Northern District of Florida, sitting by designation.

1

Rapids, Michigan, for Appellee. **ON BRIEF:** Craig W. Haehnel, HAEHNEL & CALOMENI, Grand Rapids, Michigan, for Appellant. Charles R. Gross, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

------------

**OPINION**

------------

SILER, Circuit Judge. Plaintiff, John Reetz, appeals the dismissal of his Federal Tort Claims Act ("FTCA") case seeking to recover for injuries sustained while operating an off-road vehicle ("ORV") in a national forest in Michigan. For the reasons discussed below, we AFFIRM.

**BACKGROUND**

In 1995, Reetz and two friends took their ORVs to the Manistee National Forest to ride on ORV trails located there. Reetz had purchased an ORV permit which allowed him to ride his ORV on trails maintained by the state and the United States Forest Service. They rode their ORVs for a short distance along a designated trail, but later turned onto a service road which was closed to ORVs, unmarked, and displayed no confidence markers.[1] The riders went down the service road until the road ended, then headed north on Ferris Road, which was a road maintained by Newaygo County. Reetz accelerated down the road and encountered a pickup truck on a blind curve. Unable to avoid a collision, Reetz slid into the truck and suffered serious injuries. He filed this action pursuant to the FTCA, 28 U.S.C. §§ 2671 to 2680. The district court dismissed the claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

------------

[1]Confidence markers are orange triangular-shaped signs that trail riders must follow. ORV trails are closed unless posted open.

The Forest Service's decision to adopt a "CLOSED UNLESS POSTED OPEN" policy took into consideration budgetary and aesthetic factors, as well as the Forest Service's long standing policy of minimal intrusion on the natural setting of the national forests and the avoidance of unnecessary proliferation of sign while striving to ensure the safety of park visitors. The United States' evidence, which is not refuted by Reetz, shows that the Forest Service's decision to post signs only on areas that are open to ORV traffic was based upon various public policy considerations which satisfy the second prong of the discretionary function exception.

We agree. The Forest Service's decisions were based on various public policy decisions. As Kathy Bietau, forestry technician, stated in her affidavit, the decisions on marking only roads which were open "were based on budgetary, aesthetic and minimal intrusion principles." It was part of the national forest "policy to minimally intrude upon the natural setting and to avoid the unnecessary proliferation of signs while striving to ensure the safety of park visitors." The decision was a discretionary matter of the type the discretionary function exception was intended to protect.

AFFIRMED.

## DISCUSSION

Reetz must identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds. *See Dalehite v. United States*, 346 U.S. 15, 30 (1953). Reetz claims the waiver is found in the FTCA. However, the FTCA is a limited waiver which does not extend to cases that are:

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This is commonly referred to as the discretionary function exception to the FTCA.

In deciding whether the discretionary function exception applies in a given case, the court must conduct a two-part test. The first prong of the test calls for a "determination of whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment of choice." *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997). If there is no controlling mandate, the court must conclude that the conduct involves discretion and the first prong of the test is satisfied for applying the discretionary function exception. The second prong of the test calls for the determination of whether the conduct was the type of conduct which the exception was designed to shield. *Id.* at 443. "Congress wished to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy." *Id.* at 441 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). Therefore, "where there is room for policy judgment and decision, there is discretion of the sort protected by Section 2680(a)." *Id.*

## 1.  THE FOREST SERVICE WAS NOT PRECLUDED FROM MAKING A JUDGMENT OF CHOICE.

In the present case, there was no mandatory regulation or policy that precluded the Forest Service from making a judgment of choice on how to mark the ORV trails.  The district court quoted from the Forest Service Manual which provides that:

Signing should clearly indicate to users whether an area is open, closed or restricted to off-road vehicle use. Signing may be accomplished by marking those areas and trails that are designated closed or restricted or by marking those areas and trails that are designated open or restricted.  Use uniform signing methods within areas of land that are perceived and identified by the Public as a single unit (FSM 7160 and FSH 7109.11).

As the court stated, the "plain language of these regulations confers discretion upon the Forest Service."

Reetz relies on three regulations that he contends mandate the Forest Service to mark the trails that were closed to ORV traffic.  The authorities he cites are: 1) 36 C.F.R. § 4.10; 2) 36 C.F.R. § 295; and 3) Executive Order 11644.[2]

### 36 C.F.R. § 4.10

This regulation does not apply to this case.  It applies to the National Park Service which is a separate entity from the Forest Service.  Therefore, it cannot mandate the Forest Service in any manner.

### 36 C.F.R. § 295

This provision does apply to the Forest Service.  However, the regulation does not provide guidance nor a mandate about

---

[2]37 Fed. Reg. 2877 (1972), *reprinted as amended in* 42 U.S.C. § 4321.

how trails should be marked.  It does not require the Forest Service to adopt any particular policy with regard to marking trails as being open or closed to ORV use.  Those specific decisions are left to the discretion of the Forest Service.

### EXECUTIVE ORDER 11644

The Executive Order does require that open trails be "well marked," but it does not prescribe how that marking must be accomplished.  It says nothing about how the public is to be notified about areas or trails that are closed to ORV use. The only language in the Order which pertains to marking the roads states that "areas and trails where off-road vehicle use is permitted" are to be "well marked."  The Order does not prescribe any particular method to accomplish this.  Plaintiff maintains that the unmarked service road which he used before entering Ferris Road should have been marked with a sign designating it as closed to ORV use.  However, as the district court determined, this Order did not prohibit the Forest Service from adopting a "closed unless posted open" policy for ORV use.  Therefore, we find that the argument by Reetz to be meritless.

## 2.  THE FOREST SERVICE'S CONDUCT WAS THE TYPE OF CONDUCT WHICH THE EXCEPTION IS DESIGNED TO SHIELD.

The discretionary function exception applies to "decisions grounded in social, economic, and political policy." *Rosebush*, 119 F.3d at 441.  This court has stated that "where there is room for policy judgment and decision, there is discretion of the sort protected by Section 2680(a)." *Id.* Decisions protected from tort liability by the discretionary function exception to the FTCA  include: 1) the proper response to hazards; 2) how to make federal lands safe for visitors; and 3) whether to warn of potential dangers. *Id.* at 443.

The district court properly concluded: