Terry L. WHITMAN, Plaintiff–
Appellant,

v.

DEPARTMENT OF TRANSPORTA-
TION; Norman Y. Mineta, U.S. Secre-
tary of Transportation, Defendants–
Appellees.

No. 03–35303.

United States Court of Appeals,
Ninth Circuit.

Submitted July 7, 2004.*

Filed Aug. 30, 2004.

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

Terry L. Whitman, Anchorage, AK, in pro per plaintiff-appellant.

Peter D. Keisler, Assistant Attorney General, Timothy M. Burgess, United States Attorney, William Kanter and Lewis S. Yelin, Attorneys, Appellate Staff, Civil Division, United States Department of Justice, for the defendant-appellee.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

WARDLAW, Circuit Judge:

■ Terry L. Whitman claims that his employer, the Federal Aviation Administration ("FAA"), an agency within the United States Department of Transporta-

tion ("DOT"), violated his rights under 49 U.S.C. § 45104(8) and the First Amendment by disproportionately testing him for substance abuse. Concluding that (i) the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101 *et seq.*, governs Whitman's employment grievance against the FAA; (ii) the CSRA does not expressly confer federal court jurisdiction over such claims; and (iii) Whitman's sole remedy lies with the negotiated grievance procedures set forth in the collective bargaining agreement ("CBA") between the FAA and the National Association of Government Employees ("NAGE"), the district court dismissed Whitman's action. We affirm[1] because 5 U.S.C. § 7121(a)(1), as amended in 1994, does not expressly confer federal court jurisdiction over employment-related claims covered by the negotiated grievance procedures of federal employees' collective bargaining agreements. *See Golt v. United States,* 186 F.3d 1158, 1164 (9th Cir. 1999).

**I**

Federal law mandates random substance-abuse tests for FAA employees "whose duties include responsibility for safety-sensitive functions." 49 U.S.C. § 45102(b)(1). Employee selection for such testing must be accomplished by "nondiscriminatory and impartial methods." *Id.* § 45104(8). Whitman is employed by the FAA as an air traffic assistant at the Anchorage Air Route Traffic Control Center. DOT regulations specifically require drug and alcohol testing of FAA air traffic assistants.[2] DOT and FAA regulations provide detailed require-

---

**1.** We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *See Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002).

**2.** *See* Dep't of Transp., Drug and Alcohol–Free Departmental Workplace, Order No. 3910.1C app. at 5 (Dec. 28, 1994), *available at* http://www.faa.gov/avr/aam/isap/3910_1c.pdf [hereinafter "DOT Order"].

ments for the random selection of employees for such testing.[3]

Because Whitman believed that he had been selected for testing three times more often than similarly situated employees, he filed with the Federal Labor Relations Agency ("FLRA") a charge against the FAA, alleging that its drug and alcohol testing program "does not guarantee individual rights and the randomness of the selection process is suspect." The FLRA responded that Whitman's claim was not within its jurisdiction because he had not alleged that the disproportionate testing was "discrimination against him based on protected union activity." It further explained that the substance-abuse testing program was a condition of Whitman's employment, the terms of which were established by the CBA. The FLRA concluded "that [Whitman's] recourse is through the grievance procedures of the negotiated agreement." It denied Whitman's request for reconsideration. Although Whitman does not dispute CBA coverage, he has never initiated the grievance procedures of that agreement.

Instead, Whitman filed an amended complaint in the district court, alleging that his employer's misapplication of the DOT/FAA random substance-abuse testing procedures violated his rights under 49 U.S.C. § 5331(d)(8) (now codified at 49 U.S.C. § 45104(8)), as well as his "First Amendment right to privacy." He requested injunctive relief in the form of an order requiring a survey of other employees to determine how often they were tested and, if the survey were to establish that testing was not random, that the FAA "remedy the situation" by, for example,

enjoining any further testing of him until similarly situated employees were tested as often as he.

Quoting *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir.1984), the district court dismissed Whitman's action for lack of subject matter jurisdiction because his claims fall within the scope of the CSRA, under which "federal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere." Whitman's appropriate and sole remedy, as recognized in the CSRA, was to grieve his allegations pursuant to the CBA procedures, and his failure to do so precluded judicial review. Finally, the district court found the CSRA procedures also preempted Whitman's constitutional claim. *See Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1020 (9th Cir.1999) ("[T]he CSRA preempts *Bivens* actions and other suits for constitutional violations arising from governmental personnel actions.").

## II

### A

Although the government argued, and the district court apparently agreed, that Whitman's employment rights are governed by the CSRA, the government now clarifies that it is actually the FAA Personnel Management System ("FAA System") that governs the employment rights of FAA employees.[4] The FAA System incorporates certain relevant provisions of the CSRA through a series of laws enacted by Congress in 1996. *See* 49 U.S.C. § 40122(g)(2). Congress also made other

---

3. *See* DOT Order at IV–1 to IV–2; Fed. Aviation Admin., Site Coordinators Handbook: Drug and Alcohol Testing Program §§ II.A–B, IV.A–B, *available at* http://www.faa.gov/avr/aam/isap/cover.pdf.

4. The FAA System is available at http://www.faa.gov/ahr/policy/PMS/Pmshom2 .htm.

CSRA provisions inapplicable to FAA employees and directed the FAA to develop a unique system of regulations to fill in the gaps, *see id.* § 40122(g)(1), thus establishing a "single unified personnel policy" for FAA employees. *Saul v. United States,* 928 F.2d 829, 833 (9th Cir.1991) (discussing the CSRA).

■ Like the CSRA, the FAA System is "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto,* 484 U.S. 439, 445, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (describing the CSRA). While the FAA System generally does not give employees the right to seek review of personnel matters in district court, like the CSRA, it expressly preserves employees' rights under various anti-discrimination laws to sue in district court after exhaustion of administrative remedies. *See* FAA System, Introduction § VIII(b)(ii) (recognizing FAA employees' rights to sue under the Civil Rights Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, and the Rehabilitation Act, among others).

The FAA System incorporates Chapter 71 of title 5, United States Code § 7101 *et seq.,* which governs review of grievances by employees who are subject to a negotiated collective bargaining agreement. *See* 49 U.S.C. § 40122(g)(2)(C). Therefore, despite the direct reference to the CSRA, the district court actually applied the correct law in deciding the government's motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Mudge v. United States,* 308 F.3d 1220 (Fed.Cir.2002) (analyzing whether federal courts have jurisdiction

under the CSRA over an FAA employee's employment-related claims).

## B

The CSRA broadly defines "grievance" to include an employee's complaint "concerning any matter relating to the employment of the employee" and "any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment." 5 U.S.C. § 7103(a)(9)(A); *id.* § 7103(a)(9)(C)(ii). So defined, the term encompasses Whitman's allegations that the FAA tested him for substance abuse disproportionately, in violation of his rights under 49 U.S.C. § 45104(8) and the First Amendment.

The CSRA requires that collective bargaining agreements provide negotiated procedures for the resolution of employee grievances. Section 7121(a)(1) states:

> [A]ny collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, [none of which applies in this case] the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.

In accordance with this requirement, and as the FLRA informed Whitman, CBA Article 13 provides a comprehensive administrative process for redress of his grievance concerning his drug and alcohol testing.[5]

The issue before us is whether Whitman may also pursue his employment-related claims in federal court.

## III

### A

■ Before the 1994 amendment, CSRA § 7121(a)(1) provided that the required

---

**5.** The NAGE term agreement relevant to Whitman's case is dated May 26, 1998. It is available at http://www.faa.gov/ahr/policy/agree/agrees/term/nage/nage.cfm.

grievance procedures in a collective bargaining agreement "shall be the exclusive procedures for resolving grievances which fall within its coverage." In 1994, without explanation, Congress amended the statute to read that the required grievance procedures "shall be the exclusive *administrative* procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a) (emphasis added).

Interpreting this amendment, the Federal and Eleventh Circuits recently held that "Congress's addition of the word 'administrative' to § 7121(a)(1) established a federal employee's right to seek a judicial remedy for employment grievances subject to the negotiated procedures contained in his or her CBA." *Mudge,* 308 F.3d at 1227; *see also Asociacion De Empleados Del Area Canalera (ASEDAC) v. Panama Canal Comm'n,* 329 F.3d 1235, 1241 (11th Cir.2003) (adopting *Mudge's* reasoning in full). The Federal Circuit interpreted the statute's text:

> The plain language of § 7121(a)(1) as amended is ... clear: while § 7121(a)(1) limits the administrative resolution of a federal employee's grievances to the negotiated procedures set forth in his or her CBA, the text of the statute does not restrict an employee's right to seek a judicial remedy for such grievances.
> . . . .
> ... The plain language of amended § 7121(a)(1), which provides that the negotiated procedures contained in a CBA are to be the "exclusive *administrative* procedures for resolving grievances which fall within its coverage," does not limit a federal employee's right to avail him or herself of alternative, non-administrative avenues of redress.

*Mudge,* 308 F.3d at 1228, 1230 (emphasis in original). Thus, the Federal Circuit held that its prior cases, which limited resolution of federal employee grievances

exclusively to the negotiated grievance procedures set forth in the employee's collective bargaining agreement, were no longer applicable because those cases were based upon the pre-amendment version of § 7121(a)(1). *Id.* at 1228.

We have no precedent comparable to *Mudge* or *ASEDAC.* In fact, as the district court correctly recognized, our well-established rule is to the contrary: Federal courts "have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere." *Veit,* 746 F.2d at 511; *accord Blue v. Widnall,* 162 F.3d 541, 545 (9th Cir.1998) (quoting *Veit* ). Thus, "under the law of this circuit, 5 U.S.C. § 7121(a)(1) preempts employment related claims which fall within collective bargaining agreements" because the statute does not expressly provide for federal court jurisdiction over such claims. *Golt,* 186 F.3d at 1159 (applying post-amendment § 7121(a)(1)).

Although we have never expressly addressed what effect, if any, the 1994 amendment to § 7121(a)(1) had on federal court jurisdiction over federal employee grievances, we implicitly rejected the reasoning of *Mudge* and *ASEDAC* in *Golt.* There, the wife of a deceased former employee of the Army Air Force Exchange Service ("AAFES") brought suit in district court alleging that AAFES had wrongly terminated her husband's employment, in violation of his rights under the Federal Tort Claims Act ("FTCA") and the Constitution. Because neither Golt nor his wife had ever initiated the grievance process provided in Golt's collective bargaining agreement, the district court dismissed the action for failure to state a claim upon which it could grant relief. Fed.R.Civ.P. 12(b)(6). On appeal, Golt's wife argued that the AAFES should be precluded "from obtaining the benefits of CSRA pre-

emption" because it had failed under the CSRA to give proper notice to its employees that they could request union representation in certain employment proceedings. 186 F.3d at 1164. We rejected the argument. After recognizing that amended § 7121(a)(1) limited an employee of a federal agency "to the grievance procedures in the collective bargaining agreement negotiated with his or her employer in resolving grievances that may result in disciplinary action," 186 F.3d at 1161, we explained:

> Mrs. Golt has not cited any authority to support her contention that we may ignore the express language of a federal statute [*i.e.*, § 7121(a)(1)] that provides the exclusive remedy for a party who seeks relief from an alleged deprivation of his or her rights. While it is true that § 7114(a)(2)(B) of the CSRA requires a federal employer to give its employees annual notice of their right to request union representation at an examination that may result in disciplinary action, the statute does not provide that an employer's failure to do so authorizes an employee to invoke a discrete remedy under the FTCA, or pursuant to federal common law [*i.e.*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)]. We have no constitutional grant of authority to amend the CSRA to invent such an exception to its application. Only Congress has that power.

186 F.3d at 1164.

Because the addition of the word "administrative" to the statute does not constitute an express grant of federal court jurisdiction, *Golt* correctly held that amended § 7121(a)(1) establishes no more than an exclusive administrative remedy. In contrast, the Federal and Eleventh Circuits hold that amended § 7121(a)(1) implicitly authorizes federal court jurisdiction because the statute "does not limit a federal employee's right to avail him or herself of alternative, non-administrative avenues of redress." *Mudge*, 308 F.3d at 1230; *see also ASEDAC*, 329 F.3d at 1241 ("We hold that Congress' addition of the word 'administrative' to § 7121(a)(1) established a federal employee's right to seek a judicial remedy for employment grievances subject to the negotiated grievance procedures contained in his or her collective bargaining agreement."). The *Mudge/ASEDAC* implicit-authorization approach is inconsistent with the law of our circuit, *see Russell*, 191 F.3d at 1019–20; *Blue*, 162 F.3d at 545; *Veit*, 746 F.2d at 511, and with principles the Supreme Court has approved. For example, in *Karahalios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 536–37, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989), the Court affirmed our decision rejecting a claim that CSRA § 7101 *et seq.* impliedly authorized federal court jurisdiction over a suit against the union for breach of its duty of fair representation. The Court explained: "Just as in *United States v. Fausto*, we held that the CSRA's 'integrated scheme of administrative and judicial review' foreclosed an implied right to Court of Claims review, we follow a similar course here." *Karahalios*, 489 U.S. at 536, 109 S.Ct. 1282 (citations omitted).[6] We therefore make explicit *Golt's*

---

**6.** In addition, our approach is more consistent with the well-established rule that federal courts are courts of limited jurisdiction. As the Supreme Court has recognized: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdic-

tion." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). Indeed, "[i]t remains rudimentary law that '[a]s regards all courts of the United States inferior to [the Supreme Court], two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it.* ... To the extent that such action is not taken, the power

assumption that CSRA § 7121(a)(1) does not confer federal court jurisdiction over statutory and constitutional claims concerning employment-related matters within the scope of the negotiated grievance procedures of a federal employee's collective bargaining agreement, and we hold that Congress's 1994 addition of the word "administrative" to the statute does not constitute an express grant of federal court jurisdiction over such claims.

## B

 Whitman also argues that his complaint of disproportionate drug and alcohol testing should not be viewed as an "employee grievance" but instead as a "prohibited personnel practice" in violation of the FAA's "merit system principles," which require that FAA employees be protected from arbitrary action and provided fair treatment in all aspects of personnel management, with proper regard for their privacy and constitutional rights. *See* FAA System, Introduction §§ VII, VIII. Assuming Whitman's allegations state a "prohibited personnel practice," he was required under the CSRA to pursue corrective action through the Office of Special Counsel ("OSC"). *See* 5 U.S.C. §§ 1211-1218 (OSC review); *id.* §§ 2301-2302 (prohibited personnel practices); 49 U.S.C. § 40122(g)(2)(H) (making CSRA provisions concerning OSC investigation of prohibited personnel practices applicable to the FAA). These exclusive administrative remedies preclude judicial review of Whitman's claimed "prohibited personnel practice." *See Orsay*, 289 F.3d at 1128-29. Although Whitman argues that he was unable to pursue such relief because the FAA is immune from OSC investigation, his argument is belied by 49 U.S.C. § 40122(g)(2)(H), which extends the CSRA's provisions for OSC investigation

of prohibited personnel practices to the FAA System.

\* \* \*

For the foregoing reasons, the district court's dismissal for lack of subject matter jurisdiction is **AFFIRMED**.

---

lies dormant.'" *Finley v. United States*, 490 U.S. 545, 547–48, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (quoting *Mayor v. Cooper*,

73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1867)) (emphasis added in *Finley* ).