(Slip Opinion)        Cite as: 547 U. S. ____ (2006)        1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 04–1131

TERRY L. WHITMAN, PETITIONER *v.* DEPARTMENT OF TRANSPORTATION ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 5, 2006]

PER CURIAM.

Terry Whitman, the petitioner, is an employee of the Federal Aviation Administration (FAA) and is subject to the agency's drug and alcohol testing program. Without first seeking to pursue grievance procedures under his collective-bargaining agreement, he filed suit in the United States District Court for the District of Alaska, alleging the FAA tested him in a nonrandom manner, in violation of his constitutional rights and 49 U. S. C. §45104(8).

The FAA has its own procedural framework for the resolution of claims by its employees; and for this purpose it adopts certain sections of the Civil Service Reform Act of 1978 (CSRA), including Chapter 71 of Title 5, which sets forth the rules for grievances. 49 U. S. C. §40122(g)(2)(C). The District Court held that, under the provisions of the CSRA, it was without jurisdiction to consider the petitioner's claims. The Court of Appeals for the Ninth Circuit affirmed, stating that because "5 U. S. C. §7121(a)(1), as amended in 1994, does not expressly confer federal court jurisdiction over employment-related claims covered by

the negotiated grievance procedures of federal employees' collective bargaining agreements," his claims are precluded. 382 F. 3d 938, 939 (2004). This Court granted certiorari to review the judgment. 545 U. S. ___ (2005).

The Court of Appeals was correct to say that 5 U. S. C. §7121(a)(1) does not confer jurisdiction. Another statute, however—a very familiar one—grants jurisdiction to the federal courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U. S. C. §1331. The question, then, is not whether 5 U. S. C. §7121 confers jurisdiction, but whether §7121 (or the CSRA as a whole) removes the jurisdiction given to the federal courts, see *Verizon Md. Inc.* v. *Public Serv. Comm'n of Md.,* 535 U. S. 635, 642 (2002) (holding that "even if [47 U. S. C.] §252(e)(6) does not *confer* jurisdiction, it at least does not *divest* the district courts of their authority under 28 U. S. C. §1331 to review the Commission's order for compliance with federal law"), or otherwise precludes employees from pursuing remedies beyond those set out in the CSRA, cf. *United States* v. *Fausto,* 484 U. S. 439, 443–444 (1988); *Abbott Laboratories* v. *Gardner,* 387 U. S. 136, 140 (1967) ("The question is phrased in terms of 'prohibition' rather than 'authorization' because . . . judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress").

In deciding the question of jurisdiction and preclusion, the Court would be required first to ascertain where Whitman's claims fit within the statutory scheme, as the CSRA provides different treatment for grievances depending on the nature of the claim. It may be, for example, that the FAA's actions, as described by the petitioner, constitute a "prohibited personnel practice." See 5 U. S. C. §2302(b); 49 U. S. C. §40122(g)(2)(A). Both the petitioner and the Government say they do not, but because the ultimate question may be jurisdictional, this concession ought not

Per Curiam

to be accepted out of hand. See *Weinberger* v. *Bentex Pharmaceuticals, Inc.,* 412 U. S. 645, 652 (1973) ("Parties, of course, cannot confer jurisdiction; only Congress can do so"). The Court of Appeals did not decide whether the petitioner's allegations state a "prohibited personnel practice." The proper course, then, is to remand for the Court of Appeals to address the matter, see *National Collegiate Athletic Assn.* v. *Smith,* 525 U. S. 459, 470 (1999), as well as the ultimate issue of preclusion. The various other issues raised before this Court, but not decided below, may also be addressed on remand, including: whether the petitioner has challenged final agency action; whether the petitioner has exhausted his administrative remedies; whether exhaustion is required given this statutory scheme and the Administrative Procedure Act, as interpreted in *Darby* v. *Cisneros,* 509 U. S. 137 (1993); and whether the Government has forfeited its exhaustion-of-remedies argument. It may be that a decision on these questions can obviate the need to decide a more difficult question of preclusion.

The judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE ALITO took no part in the consideration or decision of this case.