**Slip Op. 07-26**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| VOLKSWAGEN OF AMERICA, INC., | |
| Plaintiff, | Before: Richard W. Goldberg, Senior Judge |
| v. | Court No. 06-00222 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Defendant's motion to dismiss is granted; Plaintiff's motion to consolidate is denied.]

Dated: February 21, 2007

Law Offices of Thomas J. Kovarcik (Thomas J. Kovarcik), for Plaintiff Volkswagen of America, Inc.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Of Counsel, for Defendant United States.

**GOLDBERG, Senior Judge**: This matter is before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to USCIT Rule 12(b)(5). The plaintiff Volkswagen of America, Inc., ("Volkswagen") alleges in its complaint that U.S. Customs and Border Protection ("Customs") failed to grant Volkswagen an

allowance in value for imported merchandise that was later found to be defective.  Volkswagen asserts jurisdiction under 28 U.S.C. § 1581(i).  Volkswagen has also filed a cross-motion to consolidate this case with the test case Volkswagen of America, Inc. v. United States, Court No. 96-132 (CIT filed Jan. 17, 1996).

## I.   BACKGROUND

In this action, Volkswagen seeks an allowance in the appraised value of automobiles entered in 1994 and 1995.  Customs liquidated those entries in 1994 and 1995.  After importation, Volkswagen discovered that some of the automobiles were defective.  Volkswagen filed protests with Customs arguing that under 19 C.F.R. § 158.12, it was entitled to an allowance in the appraised value of the automobiles because they were "damaged at the time of importation."  19 C.F.R. § 158.12 (2006).  Customs denied these protests, and Volkswagen brought an action before this Court under 28 U.S.C. § 1581(a).  The parties filed cross-motions for summary judgment.  In deciding these motions, this Court held that it did not have jurisdiction over automobiles repaired after the date Volkswagen filed its protests because Volkswagen was not aware of the defects at the time the protests were made.  See Volkswagen of Am., Inc. v. United States, 27 CIT 1201, 1206, 277 F. Supp. 2d 1364, 1369 (2003) ("Volkswagen I"); accord Saab Cars USA, Inc. v. United

States, 434 F.3d 1359, 1368 (Fed. Cir. 2006) (affirming the lower court's dismissal because Saab provided no evidence that it was aware of defects at the time of protest).  The Court found § 1581(a) jurisdiction over the automobiles that were repaired before the date of protest.  See Volkswagen I, 27 CIT at 1203-06, 277 F. Supp. 2d at 1367-69.

On January 31, 2006, Volkswagen sent letters to Customs requesting an allowance in the value of the automobiles whose repairs occurred after the date of protest.  As mentioned above, these claims had been dismissed in Volkswagen I.  Customs did not respond to these letters, and indicated that it would never issue a decision concerning the letters.  Volkswagen subsequently filed this action.

## II.  STANDARDS OF REVIEW

Once a defendant moves to dismiss for lack of subject matter jurisdiction under USCIT Rule 12(b)(1), the plaintiff has the burden of establishing the basis for jurisdiction.  See Duferco Steel, Inc. v. United States, 29 CIT __, __, 403 F. Supp. 2d 1281, 1284 (2005); Nufarm America's, Inc. v. United States, 29 CIT __, __, 398 F. Supp. 2d 1338, 1342 (2005).  On a motion to dismiss for failure to state a claim pursuant to USCIT Rule 12(b)(5), the defendant is entitled to dismissal where it appears beyond doubt that no set of facts can be proven that

would entitle the plaintiff to relief. See Nufarm America's, 29 CIT at __, 398 F. Supp. 2d at 1342.

### III. DISCUSSION

#### A. Jurisdiction under 28 U.S.C. § 1581(i)

In its complaint, Volkswagen alleges that it "was affected and aggrieved by" Customs' failure to recognize Volkswagen's claims for a § 158.12 allowance, and "accordingly, has standing to prosecute this action." Pl.'s Compl. ¶ 4. For the purposes of considering Customs' motion to dismiss, the Court will construe this language as alleging a cause of action under § 702 of the Administrative Procedure Act ("APA"). See Tokyo Kikai Seisakusho, Ltd. v. United States, 29 CIT __, __, 403 F. Supp. 2d 1287, 1292 (2005) (construing complaint as bringing an APA cause of action when complaint did not expressly state that plaintiffs were suing under the APA, but relied on the APA in its allegation of standing).

The APA is not a jurisdictional statute. See Califano v. Sanders, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."). In order for Volkswagen's case to proceed, this Court must have an independent basis for jurisdiction under 28 U.S.C. § 1581. Volkswagen claims subject matter jurisdiction over its APA cause of action pursuant to 28 U.S.C. § 1581(i), which is this Court's "residual"

jurisdictional grant.  See Motions Sys. Corp. v. Bush, 437 F.3d

1356, 1370 (Fed. Cir. 2006) (en banc) (per curiam) (quoting H.R.

Rep. No. 96-1235, at 47 (1980), reprinted in 1980 U.S.C.C.A.N.

3729, 3745).   Section 1581(i) states that this Court has

exclusive jurisdiction over

> [A]ny civil action commenced against the United
> States, its agencies, or its officers, that arises out
> of any law of the United States providing for—
>
> (1) revenue from imports or tonnage;
>
> (2) tariffs, duties, fees, or other taxes on the
> importation of merchandise for reasons other than the
> raising of revenue;
>
> (3) embargoes or other quantitative restrictions on
> the importation of merchandise for reasons other than
> the protection of the public health or safety; or
>
> (4) administration and enforcement with respect to the
> matters referred to in paragraphs (1)—(3) of this
> subsection and subsections (a)—(h) of this section.

28 U.S.C. § 1581(i) (2000).  Because Volkswagen's action

challenges the administration and enforcement of the

collection of import duties, it falls under the language in

paragraphs (1) and (4) of § 1581(i).[1]

---

[1] Customs is correct to point out that § 1581(i) was not intended
to create new causes of action.  See Asociacion Colombiana de
Exportadores de Flores v. United States, 13 CIT 584, 586, 717 F.
Supp. 847, 849-50 (1989), aff'd 903 F.2d 1555 (1990).  In this
case, Volkswagen has elected to assert an APA cause of action.
This Court can have 1581(i) jurisdiction over an APA cause of
action.  See, e.g., Shinyei Corp. of Am. v. United States, 355
F.3d 1297, 1312 (Fed. Cir. 2004).  In fact, the Federal Circuit
has suggested that a plaintiff is required to assert an APA
cause of action or some form of nonstatutory review in order to

Customs argues that there is no jurisdiction under § 1581(i) because Congress specifically intended that an importer may only challenge the appraised value of merchandise in accordance with the procedures set forth in 19 U.S.C. § 1514. Here, Customs conflates its jurisdictional argument with its claim that Volkswagen did not state a valid cause of action. Section 1514 is not a jurisdiction-granting statute; it defines the types of actions that are potentially reviewable under § 1581(a).  Cf. Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States, Slip Op. 06-154, 2006 Ct. Intl. Trade LEXIS 158, at *22-23 (CIT Oct. 18, 2006) ("NART Co.") (preclusion of a cause of action due to an amendment of § 1516a does not divest the CIT of subject matter jurisdiction).  The fact that a cause of action is not specified in § 1514 does not completely strip this Court of subject matter jurisdiction because jurisdiction under § 1581(i) could still be available.  Rather, it simply means there is no § 1581(a) jurisdiction.  Volkswagen's claim falls within the plain language of § 1581(i), which supports the existence of jurisdiction.  See Conoco, Inc. v. United States Foreign-Trade Zones Board, 18 F.3d 1581, 1590 (Fed. Cir. 1994) (exercising jurisdiction when action is "facially embraced" by § 1581(i)).

---

invoke § 1581(i) jurisdiction. See Motions Sys., 437 F.3d at 1359.

There is one more obstacle that Volkswagen must overcome to establish jurisdiction under § 1581(i).  Jurisdiction is not appropriate under § 1581(i) when "another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987).  In the present case, no other proceedings under other subsections of § 1581 could have provided effective review of Volkswagen's APA claim.  Section 1581(a) is the traditional route for challenging a Customs decision concerning the appraisement of goods.  In order to invoke jurisdiction under subsection (a), Volkswagen would have had to file a valid protest within ninety days of liquidation and Customs would have to deny the protest.  See 19 U.S.C. §§ 1514(c)(3) & 1515(a) (2000).  Volkswagen could not have protested the liquidation within ninety days of liquidation, because the defects were not discovered until after this time limit had passed.  In fact, Volkswagen already attempted to bring this action under § 1581(a) in Volkswagen I, but this Court dismissed the case for lack of jurisdiction. See 27 CIT at 1206, 277 F. Supp. 2d at 1369.

In light of the above, the Court has subject matter jurisdiction over Volkswagen's claim pursuant to § 1581(i). Congress has not foreclosed judicial review of Volkswagen's

claim by divesting this Court of jurisdiction, but it can preclude judicial review of a specific cause of action. See NART Co., 2006 Ct. Intl. Trade LEXIS 158, at *20 (citing Whitman v. DOT, 126 S. Ct. 2014, 2015 (2006)). We now turn to the question of whether Congress has precluded judicial review of this particular cause of action.[2]

**B. Failure to State a Claim upon which Relief Can Be Granted**

The APA grants a right of review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . ." 5 U.S.C. § 702 (2000). This right of review is not available if judicial review is precluded by another statute. See id. § 701(a). There is a general presumption in favor of judicial review that can be overcome by

---

[2] The existence of judicial preclusion results in a Rule 12(b)(5) dismissal for failure to state a claim upon which relief can be granted as opposed to a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. The Supreme Court has recently "instruct[ed the] courts of appeals to properly distinguish between subject-matter jurisdiction and other limits on a court's authority." Cobb v. Contract Transp., Inc., 452 F.3d 543, 550 (6th Cir. 2006) (citing, inter alia, Arbaugh v. Y & H Corp., 546 U.S. 500 (2006)). For example, res judicata, or claim preclusion, "while having a somewhat jurisdictional character, does not affect the subject matter jurisdiction of the district court." Smalls v. United States, No. 05-5052, 2006 U.S. App. LEXIS 31130, at *6 (D.C. Cir. Dec. 19, 2006) (quotation marks and citations omitted). Additionally, the Supreme Court has noted that "congressional preclusion of judicial review is in effect jurisdictional . . . ." Block v. Cmty Nutrition Inst., 467 U.S. 340, 353 n.4 (1984). This language suggests that preclusion of judicial review under the APA has the same effect as a jurisdictional rule, but is not in fact a question of jurisdiction.

congressional intent to preclude that is "fairly discernable" from the legislative scheme.  See Block v. Cmty Nutrition Inst., 467 U.S. at 351.  The Supreme Court has stated that "[w]hether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved."  Id. at 345.  In the present case, 19 U.S.C. § 1514 expressly precludes judicial review of Volkswagen's cause of action.

Section 1514 sets forth the procedures governing protests against decisions made by Customs.  It provides, in relevant part, the following:

> [D]ecisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
>
>     (1) the appraised value of merchandise;
>
>     . . .
>
> shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest . . . is commenced in the United States Court of International Trade . . . .

19 U.S.C. § 1514(a) (2000) (emphasis added).  This language was added with the enactment of the Customs Courts Act of 1970, and fulfilled Congress's intent to have a "single, continuous procedure for deciding all issues in any entry of merchandise,

including appraisement and classification issues." S. Rep. No. 91-576, at 11 (1969). Additionally, the Customs Courts Act of 1970 lengthened the time period in which an importer may protest a Customs decision from thirty to ninety days. An importer would "no longer be pressured by an unrealistically short time limit into filing a protest for protective purposes only." Id. Congress apparently believed that an importer would be "pressured" into filing a premature protest because it would not have the option to file an APA cause of action to challenge an appraisement decision. Congress chose to alleviate this pressure by increasing the time limits, and not by providing importers with an alternative cause of action. By lengthening the time period, Congress struck a balance between commercial reality and the finality of liquidation. The clear language of § 1514 and its legislative history demonstrate that Congress did not envision that an importer could avoid the § 1514 time limits and obtain judicial review of a Customs appraisement decision.

Volkswagen's cause of action consists of the following claim: After the time limits set forth in 19 U.S.C. § 1514 had expired, Volkswagen sent a letter to Customs requesting an allowance pursuant to 19 C.F.R. § 158.12. When Customs refused to act, Volkswagen "had become a 'person' who was 'aggrieved' by 'final agency action' in the form of 'withholding relief.'" Pl.'s Br. 13-14 (quoting 5 U.S.C. §§ 551, 702, 704). Volkswagen

argues that this cause of action is valid because in order to seek an allowance under § 158.12, it is not required to file a protest pursuant to § 1514.  The relevant language in § 158.12 reads as follows:

> (a) <u>Allowance in value</u>.  Merchandise which is subject to ad valorem or compound duties and found by the port director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage.

19 C.F.R. § 158.12 (2006).  Volkswagen asserts that § 158.12 gives an importer an alternative procedure to challenge a Customs decision concerning appraisement of imported merchandise.  Unlike § 1514, § 158.12 includes no time limits.  Thus, Volkswagen argues, § 158.12 creates a cause of action to directly challenge the appraisement of its merchandise without resorting to a challenge to Customs' decision to liquidate.[3]

---

[3] To support its argument that § 158.12 claims are not intended to have time limits, Volkswagen points out that in contrast to § 158.12, other regulations that deal with damaged or defective merchandise contain specific time limits.  For example, 19 C.F.R. § 158.14 deals with perishable merchandise that has been condemned by health officers.  This regulation requires the importer to file written notice of the condemnation with the port director within five days of the condemnation.  19 C.F.R. § 158.14(a).  If the port director is satisfied that the claim is valid, an allowance in duties will be made in the liquidation.  <u>See id.</u> § 158.14(b).  The five-day time limit is due to the perishable nature of the goods.  Customs succinctly points out that "the time limitations are necessary in [158.11, 158.13, and 158.14] in order to base the allowances on the condition of such goods <u>at importation</u>, not at some later point in time when the condition of the goods deteriorates even further."  Def.'s Reply 8.  These regulations do not conflict with 19 U.S.C. § 1514 and

Volkswagen's expansive interpretation of § 158.12 is incorrect.  Any decision made by Customs concerning the appraisement of imported merchandise merges with liquidation. See United States v. Utex Int'l, Inc., 857 F.2d 1408, 1410 (Fed. Cir. 1988) ("'All findings involved in a district director's decision merge in the liquidation. It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers.'" (quoting R. Sturm, Customs Law & Administration § 8.3 at 32 (3d ed. 1982)); Dal-Tile Corp. v. United States, 24 CIT 939, 945 n.12, 116 F. Supp. 2d 1309, 1315 (2000) (stating that "all decisions and findings [made] by Customs are merged in and become part of the liquidation or reliquidation against which a protest will lie").  Congress specifically permits an importer to challenge the appraised value of merchandise by filing a protest.  See 19 U.S.C. § 1514(a) (2000).  If no protest is filed, the Customs decision concerning appraisement, and all other decisions, become final. See id.; Shinyei Corp., 355 F.3d at 1311 (noting that § 1514 is "fairly construed to prohibit a challenge to 'decisions' of the Customs Service 'as to' liquidation outside the protest provisions of § 1514(a)" and that the "statute's discussion of finality relates to decisions of Customs" (quoting 19 U.S.C. §

_____

they do not support Volkswagen's contention that an action based on § 158.12 is not governed by § 1514.

1514)).  This congressional mandate of finality cannot simply be overridden by a Customs regulation that does not specifically include time limitations.[4]

Volkswagen cites to Swisher International, Inc. v. United States, 205 F.3d 1358 (Fed. Cir. 2000), to support its assertion that § 158.12 creates a separate cause of action to challenge an appraisement decision beyond the procedures set forth in § 1514. The Swisher decision is not in any way applicable to the present case.  The Swisher court held that the denial of a Harbor Maintenance Tax refund request is protestable, despite the fact that 19 C.F.R. § 24.24 did not contain any time limit for requesting the refund.  Id. at 1368-69.  As a result, jurisdiction was proper under 19 U.S.C. § 1581(a).  Swisher does not provide support for the proposition that a Customs regulation can permit a plaintiff to challenge the appraisement of merchandise outside of the procedures set forth in § 1514. In fact, the Swisher court came to the opposite conclusion in dicta:

---

[4] Additionally, it does not matter that § 158.12 does not mention the word "liquidation."  As discussed above, appraisement decisions are subsumed in the liquidation.  This fact is evident from the regulations themselves.  19 C.F.R. § 159 is entitled "Liquidation of Duties."  Under that heading, § 159.8 states that "[a]llowance in duties for any merchandise which is lost, stolen, destroyed, abandoned, or short-shipped shall be made in accordance with the provisions in part 158 of this chapter."  In other words, the procedures set forth in § 158 must be followed in order to for Customs to properly appraise the value of imported merchandise and liquidate accordingly.

> [I]t is not at all clear that refunds on <u>import duties</u>, which comprise the vast majority of the money collected by Customs, <u>would or could be requested outside the bounds of the liquidation or reliquidation procedures</u>. With regard to imports, most fees . . . are collected at liquidation. Any fee collected at liquidation is considered merged with the liquidation. A legal challenge to a liquidation decision must be made as a protest within 90 days of liquidation.

<u>Id.</u> at 1368 n.8 (citations omitted) (emphasis added). This language reinforces the claim that any challenge to appraisement, which is merged with the liquidation, must be challenged pursuant to § 1514.[5]

Volkswagen also claims that the Federal Circuit decision in <u>Saab</u> held that "it is not liquidation, but the first repair of the defective automobile, that gives rise to a § 158.12 allowance claim . . . ." Pl.'s Br. 11 (emphasis omitted). The <u>Saab</u> court made no such statement. Instead, the <u>Saab</u> court affirmed the dismissal of "those claims relating to cars as to which no repair existed at the time of protest, because Saab provided no evidence that it was aware of those defects at that time." <u>Saab</u>, 434 F.3d at 1368. The fact that Saab was not aware of the defects rendered its protests invalid, so no §

---

[5] <u>Swisher</u> stated that there is not a "generic limitation period on requesting refunds generally" because 19 U.S.C. § 1520, which sets forth the cases in which refunds are authorized, contains no time limits. 205 F.3d at 1368. Volkswagen cannot make use of § 1520 because its particular claim does not fit within any of the categories listed therein. By contrast, challenges to liquidation orders (which includes appraisement decisions) are constrained by clear time limits set forth in 19 U.S.C. § 1514.

1581(a) jurisdiction existed over those claims.  No language in the Saab opinion supports the proposition that § 158.12 allowance claims are not subject to the requirements set forth in § 1514.

In light of the foregoing, Volkswagen has failed to state a claim upon which relief can be granted because judicial review of its APA cause of action is precluded by 19 U.S.C. § 1514. Volkswagen cannot challenge, based on 19 U.S.C. § 158.12, an appraisement decision made by Customs outside of the protest procedures and time limits set forth in § 1514.

## IV.   CONCLUSION

Because Volkswagen has failed to state a claim upon which relief can be granted by this Court, this action will not be consolidated with Volkswagen of America, Inc. v. United States, Court. No. 96-132.  Additionally, the Court need not address the government's argument that this action is time-barred by the statute of limitations in 28 U.S.C. § 2636(i).  Customs' motion to dismiss is granted and judgment will be entered accordingly.

/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

**Date:**     **February 21, 2007**
         **New York, New York**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

VOLKSWAGEN OF AMERICA, INC.,

                    Plaintiff,

        v.

UNITED STATES,

                    Defendant.

Before: Richard W. Goldberg,
              Senior Judge

Court No. 06-00222

## JUDGMENT ORDER

Upon consideration of defendant's motion to dismiss, plaintiff's motion to consolidate, and all accompanying papers, and upon due deliberation, it is hereby:

**ORDERED** that Defendant's motion to dismiss is granted; and it is also

**ORDERED** that Plaintiff's motion to consolidate is denied; and it is also

**ORDERED** that this action is dismissed.

**IT IS SO ORDERED.**

/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

**Date:      February 21, 2007**
           **New York, New York**