*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TEODORO TOLEDO and JOSEPH TUCKER,
            *Plaintiffs-Appellants,*

            *v.*

No. 06-5887

ALPHONSO JACKSON, Secretary, United States
Department of Housing & Urban Development,
            *Defendant-Appellee.*

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 04-00466—John G. Heyburn II, Chief District Judge.

Argued: March 15, 2007

Decided and Filed: May 1, 2007

Before: KENNEDY, MARTIN, and SUTTON, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Michael L. Boylan, Louisville, Kentucky, for Appellants. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Michael L. Boylan, Louisville, Kentucky, for Appellants. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

SUTTON, Circuit Judge. Teodoro Toledo and Joseph Tucker claim that the United States Department of Housing and Urban Development (HUD) breached their rights under a collective bargaining agreement. Because Toledo and Tucker failed to establish the district court's jurisdiction over their suit, we affirm.

I.

Toledo and Tucker tried, and failed, to obtain "community builder" positions within HUD. After HUD rejected their transfer applications, the American Federation of Government Employees (the union) asked HUD on behalf of Toledo and Tucker to release the placement records that it had considered in filling the positions. Unsatisfied with HUD's response, the union filed a complaint with the Federal Labor Relations Authority, after which the Authority ordered HUD to provide

1

additional records to the union. While HUD provided some of the relevant records, it failed to send all of them. "Despite a diligent search," the agency explained, it "was unable to locate all of the competitive placement records." JA 50.

Toledo, Tucker and Deborah Knight—a third unsuccessful community-builder applicant—responded by pursuing a grievance against HUD under the union's collective bargaining agreement. Lisa Lowery, the president of the local union chapter, filed the grievance on their behalf.

During step one of the three-step grievance procedure, Lowery and Deborah Swann, a HUD representative, negotiated a settlement agreement. The agreement (1) granted Toledo, Tucker and Knight "[p]riority [c]onsideration" for future vacancies at HUD and (2) acknowledged that the settlement "constitute[d] a waiver of all appeal rights respective of this action to any Federal administrative agency or Federal court." JA 53.

Apparently unsatisfied with this resolution of the grievance, Toledo and Tucker (though not Knight) filed a claim in federal court alleging that HUD violated their rights under the collective bargaining agreement. Their complaint repeated, word for word, the allegations in the grievance filed with the agency. The district court dismissed the case, concluding that no statute granted it jurisdiction to resolve disputes "concerning employment-related matters within the scope of a federal employee's collective bargaining agreement." JA 17. Toledo and Tucker appeal.

II.

The district court did not reach the merits of Toledo and Tucker's claim, and neither do we, for they have not established that the district court had jurisdiction over their claim. *See Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). Not one of the plaintiffs' proposed bases for jurisdiction—28 U.S.C. §§ 1331, 1343 or 2201—suffices to give the federal courts authority to resolve this dispute.

Section 1331 is the general federal-question-jurisdiction statute. Because Toledo and Tucker named the secretary of HUD in his official capacity, they must do more than invoke this general statute; they also must "identify a waiver of sovereign immunity in order to proceed." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity").

Toledo and Tucker have failed to satisfy this requirement. Rather than invoking an applicable waiver of immunity, they essentially have used the federal-question statute to bring a claim for breach of contract—breach namely of the collective bargaining agreement between HUD and the union. *See* JA 6 (claiming that HUD "refus[ed] Plaintiffs their rights under the Collective Bargaining Agreement" by failing to follow the agreement's procedures for filling the vacant positions Toledo and Tucker unsuccessfully sought). Although Toledo and Tucker claim that their suit is "authorized and instituted pursuant to the labor agreement in effect between" the union and HUD, Br. at 1, it is by no means clear that a collective bargaining agreement by itself could impact the immunity of a federal agency. *Cf.* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3655, at 348 (1998) ("When a federal agency is the named defendant in an action, the general rule . . . is that the agency may be sued only if *Congress* has consented to the action . . . .") (emphasis added). Nothing about the agreement, at any rate, purports to empower the *federal courts* to resolve claims against the agency. To the contrary: the agreement creates non-judicial procedures to resolve employee grievances; alleged breaches of the agreement amount to grievances within the coverage of these procedures; and the

grievance procedures established by the agreement "constitute[] *the sole and exclusive procedure[s]* for the resolution of grievances by employees of the bargaining unit," JA 54 (emphasis added).

Sections 1343 and 2201, for their part, do no better when it comes to giving the federal courts jurisdiction over this matter. Section 1343 grants district courts jurisdiction over civil actions to, among other things, "recover damages or to secure equitable . . . relief under any Act of Congress providing for the protection of civil rights." 28 U.S.C. § 1343(a)(4). But plaintiffs filed this lawsuit under "the labor agreement in effect between" the union and HUD, JA 5, not under any statute, much less under a civil rights statute. Despite the ruling against them below, plaintiffs have not pointed to any authority for the proposition that § 1343 gives the federal courts authority to resolve such a collective-bargaining dispute against a federal agency.

Section 2201 is part of the Declaratory Judgment Act. Before "invoking the Act," however, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Put another way, the Act is not "an independent basis for federal subject matter jurisdiction," *id.*; *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950), and plaintiffs have not identified any other congressional statute that gives the federal courts jurisdiction over this dispute.

Also unavailing is plaintiffs' reliance on a line of cases from the Federal Circuit. In *Carter v. Gibbs*, 909 F.2d 1452 (Fed. Cir. 1990), the Federal Circuit held that the Civil Service Reform Act (CSRA), 5 U.S.C. § 7101 *et seq.*, precluded federal courts from exercising jurisdiction over claims falling within the scope of grievance procedures established by collective bargaining agreements between a federal agency (in that case, the IRS) and its employees. *Carter*, 909 F.2d at 1454. The court based its conclusion on § 7121(a)(1) of the Act, which at that time read that "'the procedures [set out in the collective bargaining agreement] shall be the exclusive procedures for resolving grievances which fall within its coverage.'" *Id.* (quoting 5 U.S.C. § 7121(a)(1)). According to the Federal Circuit, that language "foreclosed . . . avenue[s] to the courts that, pre-CSRA, had been open to federal employees by statute." *Id.* at 1456.

In 1994, however, Congress amended § 7121(a)(1), adding one word. The provision now says that "the procedures [set out in the collective bargaining agreement] shall be the exclusive *administrative* procedures for resolving grievances which fall within its coverage." (Emphasis added). In *Mudge v. United States*, 308 F.3d 1220 (Fed. Cir. 2002), the Federal Circuit held that the 1994 amendment effectively overruled *Carter*: Because Congress added the word "administrative" to § 7121(a)(1), "that subsection no longer restricts a federal employee's right to pursue an employment grievance in court." *Id.* at 1232; *see also Asociacion De Empleados Del Area Canalera v. Panama Canal Comm'n*, 329 F.3d 1235, 1241 (11th Cir. 2003) (same).

Even if for the sake of argument we were to accept *Mudge* as accurately construing the CSRA, that does not solve plaintiffs' problem. For one, they still have not identified an applicable waiver of sovereign immunity—by, say, invoking the Administrative Procedure Act. *See* 5 U.S.C. § 702. For another, they cannot tenably claim that § 7121(a)(1) by itself confers jurisdiction. It is one thing to say that the statute does not restrict an employee's right of action, which is what *Mudge* says; it is quite another to say that the statute creates jurisdiction to hear the right of action, which no case says. As the Supreme Court confirmed in *Whitman v. Department of Transportation*, 126 S. Ct. 2014 (2006), § 7121(a)(1) "does not confer jurisdiction," *id.* at 2015. Although it "or the CSRA as a whole" may, contrary to *Mudge*, "remove[] the jurisdiction [otherwise] given to the federal courts," *id.*, the Supreme Court did not answer that question in *Whitman*, and neither need we answer it in this case.

III.

For these reasons, we affirm.